TILLEY, Administrator, v. THE HUDSON RIVER RAILROAD COMPANY.

In an action by a father, as administrator of his wife, who was killed by negligence, leaving children, the value of her earnings, and the probability that the children would have received an estate increased by such earn-ings on the death and intestacy of their father, cannot be considered in estimating damages.

But the injury to the children, in the loss of maternal nurture and education, is a pecuniary one within the intent of the statute, and a proper ground of damages.

It seems that in such an action, evidence of the habitual occupation and employment of the deceased is admissible, to show her general capacity and relation to the family.

ACTION to recover for the death of the plaintiff's intestate (who was also his wife), from injuries resulting from the alleged negligence of the defendants, brought pursuant to the acts of the legislature authorizing such actions. The intestate was a passenger upon the defendants' railroad in January, 1860, when a collision took place between a freight train and the passenger train in which she was traveling, by which she was so badly injured that she died a few days afterwards. No question was made but that the collision arose from negli-gence on the part of the defendants' servants. Up to the time of the injury, the plaintiff and his wife lived together at Grafton, in Rensselaer county. They had a family of five children, four of whom were minors, the youngest being nine years old. The plaintiff was a carpenter, and was much of the time at work away from home. The wife, besides attending to her household and taking care of her children in the usual manner, carried on the business of making shirts, upon the employment of wholesale dealers in New York, who furnished her the materials. It was not claimed that she carried on any business on her own account; but it was alleged in the com-plaint, and shown on the trial, that the business was that of her husband. The evidence of her being engaged in that

business was received against the objection of the defendants' counsel, who excepted to the ruling. Evidence was given, touching the practice of the deceased of teaching her children, and instructing them in household duties, and those who were girls in sewing. The defendants' counsel moved for a non-suit, on the ground that no damages, such as the statute contemplates, had been shown; and that being refused, he asked for an instruction that nominal damages only could be given, which was also denied. The judge instructed the jury that the plaintiff was not entitled in this action to recover any damages which resulted to him as husband, on account of the death of his wife, but that it was as the representative of his children only that he was entitled to recover, and that it was their pecuniary loss for which damages were to be given. In estimating those damages, he charged them that they were first "to inquire what the woman was worth, over and above her own support, to her family; what was this woman fairly worth; what could she earn, over and above the expenses of her own support and living." That part of the charge was excepted against by the defendants' counsel. It was after-wards qualified by the judge, observing that the children could not be considered as having lost the earnings of the deceased, for those, he said, belonged to her husband; but if he should retain them until his death, they would pass, in the absence of a will, to his children, or to his wife and children if he left a wife. He then proceeded as follows: "Yet, although the father does survive, you may take into consideration the increase that the earnings of this woman would ordinarily have added to the common stock, in view of the reasonable probability that, upon his death, even though he survived his wife, the children would inherit all his real and personal pro-perty; and may estimate the fair pecuniary value of the chance that, in the ordinary course of things, the earnings of the wife would have gone, through the husband, to the children." This part of his charge was also excepted against. Questions were made upon some other parts of the charge, which it is not supposed material to mention. The judge

charged that the following proposition, which was propounded by the defendants' counsel, was true. in the form presented: " That the plaintiff was not entitled to recover anything as for any value of the deceased to her children in their nurture or education."

The verdict was in favor of the plaintiff, for $4,000 damages. The defendants appealed from the judgment of affirmance rendered at the general term.

*Thomas M. North,* for the appellants.

*David L. Seymour,* for the respondents.

· · DENIO, J. One ground of estimating the damages, which the jury were instructed to take into consideration, was the expectancy of the children of the deceased in the fruits of her earnings in the business of making shirts, in which she was engaged. It was conceded that these earnings, immediately upon being realized, became the property of her husband; and that the only way in which the children could be benefited by them would be by succeeding to them as the next of kin of their father, in the event of his continuing to own them, of their surviving him, and of his dying intestate. It seems to me that this is too remote, and that it is not within the meaning of the statute. If the children should have become the possessors of these anticipated earnings, it would not be as the next of kin of their mother, but on account of their sustaining that relation towards their father. The gravamen of the claim in that aspect is, that, by the wrongful act of the defendants, they have been cut off from the succession to wealth, which, but for the untimely death of their mother, occasioned by that act, she would or might have earned. But this injury does not happen to them as her next of kin. In that character, it would be unimportant to them whether their mother continued to realize earnings or not; for all such earnings would immediately vest in the plaintiff, as husband, and could never come to them as her next of kin. The construction of this statute, it must be admitted, involves great

difficulties; and the grounds and measure of damages cannot always be determined by the application of the ordinary rules of the common law. If the deceased in this case had been a widow, and had been engaged in a profitable business, rendering it probable that, if her existence should be prolonged to the average period of life, she would acquire wealth, I am not prepared to deny but that her death, by the wrongful act of another, would entitle her children to damages under the provisions of this act, on account of being thus deprived of the probable succession; for though the cause and the effect would be too remote from each other to found a claim to damages by the rule of the common law, such a ground of damages may have been within the contemplation of the legislature in passing the statute. Next of kin are embraced in its language, as parties who may be pecuniarily injured by the death of a person to whom they stand in that relation; and it is not required that the degree of kindred should be such as to create the duty of sustenance, support or education. It is well settled, that the survivorship of a wife is not essential to the maintenance of the action. (*Oldfield* v. *The N. Y. & H. R. R. Co.*, 14 N. Y., 310; *Quin* v. *Moore*, 15 id., 434.) Suppose the only kindred to be collaterals, between whom and the deceased there was not legally or conventionally any connection which would impose such duties upon him; yet, by the terms of the act, damages in such a case must still be measured by the pecuniary injury resulting to such next of kin. As regards the existing property of the deceased, they would not be pecuniarily injured by his death; but, if he left no will, they would be immediately benefited by the amount of the property he then possessed. The only loss such parties could sustain would be of the further accumulations, which it may be supposed he would have added if he had continued to live, and which might, at his more remote decease, have devolved upon them. This is sufficiently vague and uncertain as a ground of damages, and could not be allowed, except on account of the peculiar provisions of the statute, and the impossibility of giving it effect in certain cases, except under

such a construction. But the rule laid down at the trial allowed damages to be given upon quite a different ground, involving another series of contingencies. At the death of the victim of the defendants' negligence, the next of kin of the deceased are definitely determined, and are capable of immediate ascertainment; but it would then be quite impossible to determine who will be the next of kin of the husband, and entitled to succeed to his estate, when at some more distant and uncertain period he comes to die. Those who now are presumptively such, may or may not then be alive; or if alive, their number may be increased by the birth of others, or another share in his estate may arise in the person of a second wife. The rule of damages laid down would, in my judgment, be far too speculative and uncertain for actual application.

It will not be essential to pass upon the other exceptions, except so far as may be useful for the purposes of another trial. We think it was not improper to allow the plaintiff to show the habitual occupation and employment of the deceased, for the purposes for which it was offered and received on the trial, namely, to show her general capacity and relation to her family. It is true that the testimony on that point was made to assume proportions beyond what seems to have been necessary for the purposes mentioned; but, it being competent, it was for the judge to determine the extent to which the examination might be carried.

The injury to the children of the deceased by the death of their mother was a legitimate ground of damages; and we do not agree with the defendants' counsel, that they ought to have been nominal. The difficulty upon this point arises from the employment of the word *pecuniary* in the statute; but it was not used in a sense so limited as to confine it to the immediate loss of money or property; for if that were so, there is scarcely a case where any amount of damages could be recovered. It looks to prospective advantages of a pecuniary nature, which have been cut off by the premature death of the person from whom they would have proceeded; and

the word *pecuniary* was used in distinction to those injuries to the affections and sentiments which arise from the death of relatives, and which, though most painful and grievous to be borne, cannot be measured or recompensed by money. It excludes, also, those losses which result from the deprivation of the society and companionship of relatives, which are equally incapable of being defined by any recognized measure of value. But infant children sustain a loss from the death of their parents, and especially of their mother, of a different kind. She owes them the duty of nurture and of intellectual, moral and physical training, and of such instruction as can only proceed from a mother. This is, to say the least, as essential to their future well-being in a worldly point of view. and to their success in life, as the instruction in letters and other branches of elementary education which they receive at the hands of other teachers who are employed for a pecuniary compensation. Suppose a person under obligation to furnish a minor apprentice with common school instruction for a given period : would not the violation of that duty furnish a claim for damages? The injury would be of the same character which a child suffers from the loss of the training and instruction which it is entitled to receive from its parents. The injury in these cases is not pecuniary in a very strict sense of the word, but it belongs to that class of wrongs as distinguished from injuries to the feelings and sentiments; and in my view, therefore, it falls within the term as used in the statute. It is argued by the defendants' counsel that there should be no recovery on these grounds, because the father is obliged to provide what the children have been deprived of by the loss of their mother. But this is not an adequate answer. The children have been deprived of that which they were entitled to receive, by the wrongful act of the defendants. Their loss may or may not be made up to them from another source; but, in the meantime, they are entitled to a fair and just compensation from the wrongdoers by the provisions of this statute. The damages given by the statute are the pecuniary injuries sustained by the widow, and the next of kin

of the deceased resulting from such death; and which next of kin, in the present case, are the children of the deceased. The recovery must, therefore, be confined to the pecuniary injuries which they and they only have sustained.

The judgment of the Supreme Court must be reversed and a new trial ordered.

DAVIES, SUTHERLAND, and ALLEN, Js., concurred; GOULD, J., was for reversal, on the ground that only nominal damages were recoverable.

SMITH, J. (dissenting.) The plaintiff's right, as administrator of his wife, to maintain this action, is settled by the cases of *Quin* v. *Moore* (15 N. Y., 432), *Oldfield* v. *The Harlem R. R. Co.* (4 Kern., 310). The right of the administrator to sue under the statute, these cases held, depends upon the question whether the deceased person could have maintained an action at common law, if the injury causing the death had not proved fatal. ' The exception, therefore, to the decision of the circuit judge, refusing to dismiss the complaint, is not well taken. The exceptions remaining relate to the principles governing the question of damages. The exceptions to the admission of evidence relating to the capacity and services of the deceased in the care and nurture and education of her children, and in the support of the plaintiff's family, and particularly in carrying on the business of making shirts, bosoms and collars, all present substantially the same questions which arise upon the charge, and need not be separately considered. If the case was put to the jury upon a correct theory, upon the question of damages, the objections to the evidence referred to in these exceptions were all properly overruled; and the exceptions are not well taken. In the case of *Dickens* v. *The New York Central R. R. Co.* (23 N. Y., 158), the action was by the husband, as in this case; but the deceased left no children, and her next of kin were sisters, who could not be next of kin to the husband; and it was held that the action could not be maintained by the husband for the loss of the

services of his wife on his own account, and that the next kin of his wife had no interest in such injuries. But in this case, the deceased left a family of five children, who would be of kin to the plaintiff, and be entitled, upon his decease, to inherit his estate. The case of *Dickens*, therefore, is not a decision of the question, that the character, nature and value of the services of the wife was not admissible upon the question of damages, when the action is really brought for the benefit of her children.

The charge of the judge, to which there are various exceptions, taken as a whole, is substantially correct, if anything more than nominal damages are recoverable in such cases; and does not, I think, contain any erroneous direction. It states that the recovery in such an action can only be for the pecuniary loss sustained by the death; that the statute gives no right to recover for the pain and anguish of friends, or the loss of the solace and comfort which the children would have derived from their mother; and that the plaintiff could not recover anything as husband of the deceased.

That the jury should inquire what the deceased was worth to her children over and above the expenses of her own support and living: that this was to be determined by considering how long, in her state of health, she could probably have lived: that the earnings of the mother did not belong to the children, but to the plaintiff or her husband; and that the only interest the children had in such services depended upon the question how much they would tend to increase the estate of their father in view of the probability that upon his death the property of the plaintiff would go to her children — this is the substance of the charge; and while it is vague and somewhat indefinite, it is no more so than the act itself, and presents, I think, no single point that is clearly erroneous. The statute declares (Laws of 1849, p. 388,) that, in every action brought under said act, "the jury may give such damages as they shall deem a fair and just compensation, not exceeding $5,000, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person."

Tilley *v.* The Hudson River Railroad Company.

The statute gives no clear and certain rule of damages. It gives the action to the "*widow and next of kin*" of the person killed, seemingly as though no one could ever be killed except a man and a husband who might leave a widow and children. The husband is not named in the act, and no action is given to him for killing his wife, but the action being given to the "next of kin" in such cases, the damages must be determined upon the same principles, so far as they can be ascertained, that will apply when the husband is killed. If the deceased in this case had been a widow, supporting her children by her own skill and services, no doubt could exist that her death would be a pecuniary loss to her children upon the same principle, though probably not in the same degree, with the death of their father. The equity of the statute should be extended to, and would clearly embrace, such a case. The difficulty is to apply the statute to the case of the death of a mother of a family, the father being still living. On this point, I do not think that portion of the charge of the judge in which he stated to the jury that, in assessing damages, they might assume that the children of a family will succeed to their father's estate upon his decease, and that their pecuniary loss resulting from the death of their mother may be the amount that her earnings would ordinarily have added to the common stock, clearly erroneous.

It suggests to the jury an approximate rule for estimating the pecuniary loss sustained by this death, easily applied and much more certain and definite than any other that can be devised. I can conceive of no other practicable measure of damages, or rule to guide the discretion of a jury in such a case, having reference to the pecuniary loss of the children. It was not presented as a rule of damages binding upon the jury as matter of law, but as a rule to guide their discretion in carrying the statute into effect. The evidence given in respect to the capacity of the deceased and the value of her services in the support of the family was, therefore, properly received, as furnishing a proper item for consideration in estimating the compensation to be assessed to the next of kin.

Our statute was taken from the English act known as Lord CAMPBELL'S act (9 and 10 Vict., c. 93), and should receive the same construction so far as they correspond in terms.   The English act gives the action for the benefit of the wife, husband, parent and child, and directs that the jury apportion the damages to the parties respectively, for whom and for whose benefit such action shall be brought.

The case of *Cotton* v. *Wood* (98 Eng. Com. Law, 566), was a case like this, where the person killed was the mother of several children; and the action was brought by the husband, as administrator of his wife, as well for himself, as the husband of the deceased, as for the benefit of his three infant children.   At the trial, on the part of the plaintiff, it was proved that the deceased had by industry contributed to the extent of about ten shillings weekly towards the maintenance of the family, and a verdict of £25 was recovered; apportioned by the jury, £10 to the father, and £15 to the children. No objection was made to the evidence at the trial, and no objection that the recovery, both in behalf of the husband and the children, was not to be had upon the same principles. This case was reviewed in the Common Pleas, upon a motion for a new trial, and a new trial granted upon other grounds; but no suggestion was made in the argument, or in the opinion of the court, that the evidence, showing the value of the services, was improper, or that the children were not entitled to recover, upon the basis of the value of such services, precisely like the father.

Unless pecuniary loss can be inferred by the jury, and deduced from evidence, showing the value of the services or the worth of the person killed, upon such basis as was suggested in the charge of the judge in the case, the fair compensation of the statute, recoverable by the children of a deceased mother — the father living at the time — must necessarily be limited to their nominal damages.   The legislature intended to give an action to the widow and next of kin whenever a clear and appreciable pecuniary loss was sustained by the death of any person resulting from the

Tilley *v.* The Hudson River Railroad Company.

"wrongful act, default or neglect of another." They did not intend to give an action for speculative, or imaginary, but real loss, which could be shown and clearly determined with reasonable certainty.

It was impossible, perhaps, to define with exactness the rule of damages applicable to such case. There is an intrinsic difficulty about fixing in the statute any certain and definite rule on the subject. Much was, therefore, and necessarily must be, left to the jury. But in such a case, it is of the utmost importance that a jury, called upon to assess damages resulting from the death of a person, be guided by some clear instructions. . It has been, and is, doubtless, a matter of much embarrassment to judges at the circuit to present this class of cases to juries upon clear and precise principles — such as shall confine them to the rule of pecuniary loss, and exclude the considerations relating to the pain, distress and anguish caused by the sudden death of a relative from the gross negligence of another, and a purpose to punish such negligence by a vindictive verdict. Such, doubtless, were the considerations controlling the jury, to a large extent, in this case. But this statute treats human life simply as an article of merchandise, to be paid for in a verdict for damages, at its precise pecuniary value. Such is the conceded construction and intent of the act. Upon this view of the statute, the verdict in this case is exorbitantly large, and, I think, should have been set aside by the Supreme Court, and a new trial ordered upon this express ground. The deceased was a woman, forty-eight years of age, in poor health, and not possessed of a strong constitution. I think the jury should, in substance, have been instructed to consider how much she could earn annually, over and above the expenses of her own support and living, upon the same principle as if she was hired for wages to render the same services for her life. This should be considered in respect to her age, state of health, and circumstances and condition in life; and then, what would be the present worth of such annuity, calculating the ordinary duration of human life. This would have fixed the value of her life. Assuming, which

I think a very liberal estimate, that she would earn, upon an average, $100 a year for the period of her life, by the Northampton tables the present worth of an annuity of $100 for life, of a person aged forty-eight years — the age of the deceased — would be $970. If the jury had assessed the plaintiff damages at $1,000, it would perhaps have been a fair and liberal verdict.

But we cannot reverse this judgment upon any such ground. The judge was not asked to make his instructions more definite. He charged, as the defendant asked him to do, upon all the specific requests, except that the plaintiff could only recover nominal damages, and that the amount of the verdict could not exceed the value of the possibility that Mrs. Tilley might, but for the injury, have survived her husband, taken in connection with the pecuniary value to her children of her life, if she did so survive.

The judge refused to charge as requested upon this proposition, and, I think, properly. It did not present the true rule of damages. It suggested a rule too vague and indefinite for any practicable application. I think the judgment should be affirmed.

SELDEN, Ch. J., and WRIGHT, J., took no part in the decision.

Judgment reversed and new trial ordered.