*164 NY 153*
*202 ι. 245*

CATHERINE LOCKWOOD, as Administratrix, etc., Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

The facts that the children of a person killed through the negligence of another are of full age, are living away from the home of the deceased, and are supporting themselves, do not alone establish that they have sustained no such pecuniary damages as will authorize a recovery in an action under the statute (Chap. 450, Laws of 1847; Code of Civ. Pro., §§ 1902-4) against the wrong-doer.

In such an action plaintiff was permitted to prove, under objection and exception, that the children of the deceased, all of whom were adults, had no property of their own, and that a daughter who lived with him, doing household work, receiving nothing therefor, and paying nothing for her board, was afflicted with some disease, in consequence whereof she was not as able to work as she otherwise would have been. *Held* no error.

(Argued March 16, 1885 ; decided March 27, 1885.)

*20 wrk Dig 341 affirmed*

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 9, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged negligence, causing the death of plaintiff's intestate. The complaint was dismissed on the trial. The General Term granted a new trial. Its order was affirmed on appeal to this court, and judgment absolute directed for plaintiff. The damages were assessed by a jury.

The facts so far as material are stated in the opinion.

*Samuel Hand* for appellant. The term "pecuniary injury" used in the statute (Laws of 1847, chap. 450; Code of Civ. Pro., § 1904) is to be understood in its ordinary signification. It means loss of money, or of something which has a money value, or by which money may be acquired. (*Green* v. *R. R. Co.*, 32 Barb. 25; 30 How. 593; *Mitchell* v. *R. R. Co.*, 2 Hun, 535; *Safford* v. *Drew*, 3 Duer, 627; *Blake* v. *Midland R. R. Co.*, 18 Ad. & El [N. S.] 93; *McIntyre* v. *R. R. Co.*, 47

Barb. 515; 37 N. Y. 287.) No pecuniary damage can be predicated upon the loss of the society of the wife. (*Lehman* v. *City of Brooklyn*, 29 Barb. 234.) The personal wrong done to or the sufferings of the person killed have nothing to do with the damages, nor should the anguish and grief of the next of kin enter into the estimate of the amount to be recovered. (*Tilley* v. *R. R. Co.*, 24 N. Y. 471.) Those losses which result from the deprivation of the society and companionship of relatives, which are equally incapable of being defined by any recognized measure of value are excluded. (Sedgw. on Dam. [7th ed.] 535.) The possibility of accumulation of property by the deceased had he lived which might descend to his next of kin was too conjectural to constitute an element of damages. (*Tilley* v. *R. R. Co.*, 24 N. Y. 471; *R. R. Co.* v. *Shannon*, 43 Ill. 338.) The charge and requests to charge are to be taken as applying to the case at the time before the court. (*Eno* v. *Hamilton*, 81 N. Y. 116.) The admission of evidence to show that the children had no property of their own was erroneous. (*Houghkirk* v. *Canal Co.*, 92 N. Y. 219.) The burden of proof was on the plaintiff to establish, not only the death, but also the damages sustained by the next of kin. (*Mitchell* v. *R. R. Co.*, 2 Hun, 335; *Terry* v. *Jewett*, 78 N. Y. 338.) The jury in estimating the damages might not take into consideration the fact that the plaintiff as next of kin of the deceased would be entitled to his property. (*Malone* v. *R. R. Co.*, 20 Weekly Dig. 252; *R. R. Co.* v. *Bayfield*, 37 Mich. 205; Pierce on Railroads, 397; 2 Thompson on Neg. 1291; 2 Sedg. on Dam. [7th ed.] 534, note *b*; *R. R Co.* v. *Baches*, 55 Ill. 379; *R. R. Co.* v. *Butler*, 57 Penn. 335.) The admission of this evidence was injurious to the defendant. (*People* v. *Gonzales*, 35 N. Y. 49; *Anderson* v. *R. R. Co.*, 54 id. 334; *Baird* v. *Gillett*, 47 id. 186; *Williams* v. *Fitch*, 18 id. 546; *Toole* v. *Beecher*, 7 Abb. N. C. 358; *Brague* v. *Lord*, 67 N. Y. 495; *Havemeyer* v. *Havemeyer*, 43 Sup. Ct. 506; *Coleman* v. *People*, 58 N. Y. 555.) The objection is not obviated by a charge to the jury to assess such damages as would pay the plaintiff for his actual pecuniary

loss. (*Malone* v. *R. R. Co.*, 20 Weekly Dig. 252; *Starbird* v. *Barrows*, 43 N. Y. 200.) It was also erroneous to admit evidence as to the physical condition of the daughter Charlotte, both before and after her father's death. (*Grattan* v. *L. Ins. Co.*, 80 N. Y. 281; *Stevens* v. *Rogers*, 25 Hun, 54; *R. R. Co.* v. *Bache*, 55 Ill. 379; *R. R. Co.* v. *Butler*, 57 Penn. 335; *Moody* v. *Osgood*, 50 Barb. 628; *Myers* v. *Malcolm*, 6 Hill, 292; 2 Sedgw. on Dam. [7th ed.], note at pp. 543, 545; Abb. Trial Ev. 601; Shearm. & Redf. on Neg. 664, § 606.) It is no answer to the admission of improper evidence to say that the court gave correct instructions to the jury as to the law governing the case. (*Sprague* v. *Van Vulson*, 14 Weekly Dig. 58; *Malone* v. *R. R. Co.*, 20 id. 252; *Branch* v. *Levy*, 44 Sup. Ct. 507; *Am. Nat. Bk.* v. *Wheelock*, 45 id. 205; *Church* v. *Howard*, 79 N. Y. 415.) Although this was an assessment of damages, it was the right of the defendant to be heard. (3 Wait's Pr. 661, 662; *Thompson* v. *Lumley*, 7 Daly, 74; *Gilbert* v. *Rounds*, 14 How. 46.)

*Hugh Reilly* for respondent. The age, sex and condition of health of the children of the deceased are proper facts to be known by a jury. So, also, is it proper to show the condition of the family pecuniarily. (*Houghkirk* v. *President, etc., D. & H. C. Co.*, 92 N. Y. 225; *Halinger* v. *N. Y. C.*, 15 Weekly Dig. 392; 23 Hun, 576; 29 id. 38.) The incapacity of the daughter to work has a direct bearing upon the extent of her dependence on her father's labors for shelter and maintenance, and evidence thereof was proper. (37 N. Y. 287; 44 id. 52; 47 id. 317; 35 id. 60; 63 id. 621; 23 Hun, 456.)

EARL, J. The intestate at the time of his death was about sixty-eight years old, and he left seven children, all adults, and all but two of them living away from his home. The children living away from him received nothing from him by way of support, but were supporting themselves, and had been for years. One daughter, who was unmarried, lived with him at the time of his death and did household work for him, receiving nothing

for her work, and paying nothing for her board.  A son who was married also lived and boarded with him, but worked for himself and used his own earnings.  The plaintiff, against the objections of the defendant, was permitted to prove that the children of the deceased had no property of their own, and that his daughter who lived with him was afflicted with some disease, and that, 'therefore, she was not able to work as she otherwise would have been.  Defendant's counsel requested the trial judge to charge as follows : " Where the children are of full age, and living away from the home of the deceased and are supporting themselves, no such pecuniary loss has been sustained by them as can be recovered for in this action.  If the jury find from the evidence that such a state of facts existed here, they cannot include in their award any pecuniary damages resulting to them; " and he refused so to charge.

The courts have found it impossible to lay down any definite guide for the jury in estimating damages under the act in question, and we will not attempt it now.  No further discussion of the subject is required than may be found in the numerous cases under this statute contained in the reports of this State. Whatever the rule may be in other States, there are many cases in this which in principle sustain the rulings of the trial judge in receiving the evidence objected to, and in refusing to charge as requested.  We cite a few of them : *Tilley* v. *Hudson River Railroad Company* (24 N. Y. 471), *S. C.* (29 id. 252), *McIntyre* v. *N. Y. C. R. R. Co.* (37 id. 287), *Ihl* v. *Forty-second Street, etc., R. R. Co.* (47 id. 317), *Bierbauer* v. *N. Y. C. & H. R. R. R. Co.* (15 Hun, 559), *S. C.* (77 N. Y. 588), *Harlinger* v. *N. Y. C. & H. R. R. R. Co.* (15 Weekly Dig. 392), *S. C.* (92 N. Y. 661), *Houghkirk* v. *D. & H. Canal Co.* (92 id. 219).

In but few cases arising under this act is the plaintiff able to show direct, specific pecuniary loss suffered by the next of kin from ·the death, and generally the basis for the allowance of damages has to be found in proof of the character, qualities, capacity and condition of the deceased, and in the age, sex, circumstances and condition of the next of kin.  The proof

may be unsatisfactory, and the damages may be quite uncertain and contingent, yet the jurors in each case must take the elements thus furnished and make the best estimate of damages they can.   There seems to be no other mode of administering the statute referred to, and protection against excessive damages must be found in the power of courts in some of the modes allowed by law to revise or set aside the verdicts of juries.

The judgment should be affirmed.

All concur.

Judgment affirmed.