ANTHONY KLEMM, as Administrator, etc., of ELIZA KLEMM, Deceased, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Amendment of complaint — made on the trial — damages for the pecuniary loss sustained by a person's death — what they consist of.*

Where an amendment of a complaint neither introduces a new cause of action nor changes the old one, it may be made upon the trial of an action, notwithstanding the fact that the counsel for the defendant expresses surprise — not requesting, however, any delay.

In an action brought to recover damages for pecuniary injuries, resulting from the death of a decedent to the person for whose benefit the action is brought, what is a just and fair compensation for the pecuniary injury in a given case can be determined by no rule; each case presents a different state of facts, either in character, capacity or condition of the deceased, or in the age, sex, circumstances and condition of the next of kin, all of which elements are to be considered as a basis for the allowance of damages.

The pecuniary injury sustained by a husband from the loss of his wife, who was his housekeeper, consists of the loss of his wife's services, the expense incident to and resulting from the injury, and the loss of his wife's society.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 21st day of November, 1893, upon the verdict of a jury rendered after a trial at the Orange Circuit, and also from an order entered in said clerk's office on the 20th day of November, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Ashbel Green* and *A. S. Cassedy*, for the appellant.

*William D. Dickey*, for the respondent.

DYKMAN, J.:

But two questions are presented to the court by this appeal. The first relates to the amendment of the complaint during the trial, and the other to the amount of damages.

Upon the trial the complaint was amended by the permission of the court by the insertion of these words: "And that her husband and son sustained pecuniary damages by reason of her death in the sum of $5,000."

The amendment neither introduced any new cause of action nor changed the old one. It was, therefore, such a one as might be made upon the trial, and although the counsel for the defendant expressed surprise, yet no delay was requested, and we find no error in the allowance of the amendment.

The verdict was for $5,000 in favor of the plaintiff, and upon its rendition the counsel for the defendant moved to set it aside as excessive. That motion was denied and there was an exception and that presents a very serious and embarrassing question.

There is no standard and no measure for the verdict in this class of cases. There is a limitation of its size, but the only guide for the jury in making it in case of death is the provision of the statute which authorizes the action, that the damages to be recovered shall be "a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought." (Code Civ. Proc. § 1904.)

What is a just and fair compensation for the pecuniary injury in a given case can be determined by no rule, because each case presents a different state of facts either in the character, capacity and condition of the deceased, or in the age, sex, circumstances and condition of the next of kin, and all those elements are to be considered as a basis for the allowance of damages. (*Lockwood* v. *N. Y., L. E. & W. R. R. Co.,* 98 N. Y. 526.)

Appellate courts usually hesitate about interfering with verdicts of juries, and failure to interfere is doubtless in many cases the product of such hesitation.

In this class of cases, as we have already seen, the elements furnished to the jurors enable them to do no more than make an estimate of the damages, and such estimates are problematical at best. It was the design of the Legislature in the enactment of this law to furnish a remedy unknown to the common or civil law.

The theory of the statute is that the next of kin have a pecuniary interest in the life of the person killed, and the value of that interest is the amount of the pecuniary injury for which the statute provides compensation. It treats human life in a pecuniary aspect and permits compensation for the same at its pecuniary value. It presupposes a pecuniary loss in the deprivation of a valuable life.

It accomplishes its most useful purpose when it is utilized for the recovery of damages resulting from the death of a man who has a wife and children dependent upon him for their support.

Indeed, when the statute was made in 1847, and even when first amended in 1849 (Laws of 1847, chap. 450, p. 575; Laws of 1849, chap. 256, p. 388), the recovery was for the benefit of the widow and next of kin, and the husband was not named as one of the beneficiaries until the law was amended in 1870 (Laws of 1870, chap. 78, p. 215), thus showing that the widow and children were the first objects of the solicitude and care of the Legislature.

They were generally left in a helpless condition, and their loss of a husband and father, upon whom they were dependent, would be greater to them than the loss of a mother and wife to a son and husband able to care for themselves. Protection against excessive or insufficient damages can only be afforded by the courts. They are a portion of the machinery employed in the administration of the statute, and they cannot abdicate their functions.

In this case the husband has been a soldier in the army of the United States, but is now out of the service, and is in Germany. He is about sixty-five years of age and his deceased wife was about fifty-four.

They had but one son; he is a physician, about thirty-five years of age and living away from his father's house. The deceased was a vigorous, healthy woman, a good worker and did her own housework.

Such are the elements furnished for the estimate of the pecuniary injury resulting from the death of the deceased, and it is evident at once that there is nothing to show that the son has sustained any pecuniary injury by the death of his mother. It does not appear that he received any pecuniary aid from her, and no inference of that kind can be drawn from the testimony in the case.

The pecuniary injury of the husband consists in the loss of a wife

who was his housekeeper, and the elements of this damage are the loss of his wife's services, the expenses incident to and resulting from the injury, and the loss of her society. (*Cregin* v. *Brooklyn Crosstown R. R. Co.*, 83 N. Y. 599.)

In view of all these circumstances we think the verdict is excessive, and that the facts will not justify a verdict beyond $2,500.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event, unless the plaintiff stipulates to reduce the verdict to $2,500, in which event the judgment will be affirmed for that amount, without costs.

PRATT, J., concurred; BROWN, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide the event, unless plaintiff stipulates to reduce the verdict to $2,500, in which case the judgment so reduced is affirmed, without costs.