Nathaniel T. Helman, J.
In this malpractice action, the jury awarded plaintiff the sum of $75,000 for the wrongful death of his wife. She was survived by four infant children, two of whom were born in the very childbirth involved in plaintiff’s claim of malpractice.
The court reserved decision on defendant’s motions addressed to the verdict, solely on the question of excessiveness.
The words “pecuniary loss” have provided a perplexing problem to the courts for many years. The difficulties are emphasized in a case such as this where the deceased was a housewife, with no proven earning power, and evidence was not presented that she was fitted by nature, education or disposition to nurture and train her children. Indeed the record in this case tells us very little of the personal relationship between the deceased and her husband, and of her care and devotion during her lifetime, to the two older children. Lacking also is evidence of the educational, religious and moral background of either husband or wife. The deceased suffered from serious illnesses contracted in her youth, and her relationship with her husband apparently encountered occasional discontent and difference.
Against such a background, what standards can be applied in determining the “ pecuniary loss ” sustained by this plaintiff?
The speculative nature of the problem of determining damages in actions of this type has long been recognized (Walther v. News Syndicate Co., 276 App. Div. 169). It has been stated by our courts that as to the beneficiaries named in the statute, it is presumed that they would have been pecuniarily benefited by her continuance in life (Matter of Meekin v. Brooklyn Hgts. R. R. Co., 164 N. Y. 145, 148). “ She owes them the duty of nurture and of intellectual, moral and physical training, and of such instruction as can only proceed from a mother.” (Tilley v. Hudson Riv. R. R. Co., 24 N. Y. 471, 476.) However, the general rule is that although the damages are more or less speculative, there must at least be a reasonable expectation of pecuniary benefit in order to entitle the plaintiff to recover.
Historically, there was no right to recover for wrongful death. The first statutory relief was given in 1846, in England, with the passage of the Lord'Campbell’s Act. New York adopted the first American wrongful death statute one year later. The theory of pecuniary loss as a measure of damage was first judicially expressed in Blake v. Midland Ry. Co. (18 Q. B. 93; 118 Eng. Rep. 35). And the courts have been troubled since then with the problem of fixing standards for recoveries of this nature.
*360 In an early New York case, Mitchell v. New York Cent. & Hudson Riv. R. R. Co. (2 Hun 535, 539) the court established what is still the New York rule, that damages in a death action can only be awarded on proof of loss. The court therein stated: “ The rule was recognized in McIntyre v. N. Y. Cent. R. R. Co. [37 N. Y. 287] that the burden was upon the plaintiff to prove the pecuniary injury, and such facts as could enable the jury to determine what would be a fair and just compensation for the death of the party; and it is there intimated, if not in fact asserted, that such proof was necessary, in order to entitle the plaintiff to recover more than nominal damages. ’ ’
The Mitchell case carefully pointed out that no pecuniary loss could be inferred merely from the fact that deceased was (1) married, and (2) only 20 years of age. No evidence was supplied of her ‘ ‘ capabilities, mental or physical; nor of her situation and circumstances in life; nor how she had been or could be of benefit to her husband and next of kin. ’ ’ The court noted that in the absence of such proof the verdict must have been the result of mere conjecture.
The doctrine of the Mitchell case has never been challenged or overruled.
An analysis of the views of other States as to the necessity and sufficiency of such proof is contained in the American Law Reports (74 A. L. R. 112, note d). The better rule would seem to be that some evidence should be adduced that the deceased was fitted by nature, education or disposition to furnish such training to the children. True it is that the courts have given consideration to prospective and indefinite changes in the future lives of the parties even where positive proof is lacking. Thus in Grasso v. State of New York (177 Misc. 690, affd. 264 App. Div. 745, affd. 289 N. Y. 552), the court approved in principle Liubowsky v. State of New York (260 App. Div. 416, affd. 285 N. Y. 701) where an award was made because of the death of a mental patient, the court giving consideration to the possibility of his future recovery from his illness. And in Lockwood v. New York, Lake Erie & Western R. R. Co. (98 N. Y. 523, 526-527) the following language appears: “ In but a few cases arising under this act is the plaintiff able to show direct, specific pecuniary loss suffered by the next of kin from the death, and generally the basis for the allowance of damages has to be found im, proof of the character, qualities, capacity and condition of the deceased, and in the age, sex, circumstances and condition of the next of kin. * * * There seems to be no other mode of administering the statute referred to, and protection against excessive damages must be found in the power *361 of courts in some of the modes allowed by law to revise or set aside the verdicts of juries.” (Italics added.)
Recognizing that this record lacks sufficient evidence of a probative nature to show that the deceased possessed the characteristics which would have materially benefited her next of kin had she lived, the essential elements of pecuniary loss which would justify an award of $75,000 have not been shown. In my judgment, having in mind the limited , contribution which she could have made in this regard, an award of $35,000 would more appropriately represent the damage to plaintiff under the statute.
Accordingly, the verdict will be set aside and a new trial ordered, unless plaintiff within 15 days after the publication hereof, files a stipuation consenting to a reduction of the award to the sum of $35,000, in which event judgment may be entered for the latter amount.