■ Mary H. Bumpurs, as Administratrix of the Estate of Eleanor G. Bumpurs, Deceased, Respondent, v New York City Housing Authority, Appellant, et al., Defendant.—Order of the Supreme Court, Bronx County (Irma Santaella, J.), entered February 21, 1986, which denied defendant-appellant's motion for an order dismissing the second cause of action of this complaint for wrongful death, is unanimously modified, on the law, the motion to dismiss the second cause of action granted, except insofar as it seeks recovery of funeral expenses, and the order is otherwise affirmed, without costs.

Mary Bumpurs, as administratrix of the estate of Eleanor Bumpurs, who was shot and killed as she was being evicted

from her apartment by the New York City Police Department, commenced this wrongful death action, asserting three causes of action. The defendant New York City Housing Authority moved to dismiss, as barred by EPTL 5-4.3, the second cause of action, seeking recovery on behalf of the decedent's adult children for their loss of "companionship, comfort and assistance."

EPTL 5-4.3 (a), which sets forth the recovery permitted in a wrongful death action, provides, in relevant part, that damages to a plaintiff in a wrongful death action be awarded as "compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought." In interpreting the "qualifying phrase" of " 'pecuniary injuries' ", within the context of whether loss of consortium could be claimed as damages in a wrongful death action, the Court of Appeals has stated that the phrase "has been consistently construed by the courts as excluding recovery for grief, and loss of society, affection and conjugal fellowship" *(Liff v Schildkrout,* 49 NY2d 622, 633). The damages plaintiff seeks for loss of companionship, comfort and assistance fall within this nonpecuniary area typical of a loss of consortium claim and are nonrecoverable in a wrongful death action.

To be distinguished are damages awarded to minor children for the economically recognized and calculable losses of the household management services of a mother. *(See, De Long v County of Erie,* 60 NY2d 296, 307.) However, the instant claim is being brought on behalf of adult children who, as adults, will not incur this type of pecuniary loss.

Finally, plaintiff fares no better in terming this a "loss of nurture" claim, in reliance on *Tilley v Hudson Riv. R. R. Co.* (24 NY 471). There, the court ruled that affectional injuries of grief and deprivation of society and companionship are not compensable in a wrongful death action, as they are not pecuniary injuries. *(Supra,* at 476.) However, the court also stated that minor children could allege a pecuniary injury from the premature loss of the educational training, instruction and guidance they would have received from their now-deceased parent, because that loss could affect their "future well-being in a worldly point of view * * * [and is] distinguished from injuries to the feelings and sentiments" *(supra,* at 476). Recovery of this sort, however, is tied to the parental role of providing minor children with educational and intellectual nurturing and the financial effect this particular loss of nurturing could have on the future of the infant. *(See,* 9A

Rohan, NY Civ Prac ¶ 5-4.3 [2] [a] [iii].) Because the children here are already adults, plaintiff cannot make this claim.

Accordingly, the second cause of action, except insofar as it seeks recovery for funeral expenses, is dismissed. Concur—Ross, J. P., Carro, Asch and Smith, JJ.