■ MARY H. BUMPURS, as Administratrix of the Estate of ELEANOR G. BUMPURS, Deceased, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant.—Motion for resettlement granted insofar as to recall the order of this court entered on November 19, 1987, and the memorandum decision filed therewith (134 AD2d 211), to substitute a new memorandum decision, and to resettle the order, as indicated.

Order of the Supreme Court, Bronx County (Irma Santaella, J.), entered on or about February 21, 1986, which denied defendant-appellant's motion for an order dismissing that portion of the second cause of action of the complaint which seeks recovery for loss of companionship, comfort and assistance, is unanimously reversed, on the law, and so much of the second cause of action as seeks recovery for loss of companionship, comfort and assistance is dismissed, without costs.

Mary Bumpurs, as administratrix of the estate of Eleanor Bumpurs, who was shot and killed as she was being evicted from her apartment by the New York City Police Department, commenced this action against the New York City Housing

Authority and the City of New York, asserting three causes of action related to the wrongful death of Eleanor Bumpurs. The defendant New York City Housing Authority moved to dismiss, as barred by ETPL 5-4.3, that portion of the second cause of action which seeks recovery on behalf of the decedent's adult children for their loss of "companionship, comfort and assistance."

ETPL 5-4.3 (a), which sets forth the recovery permitted in a wrongful death action, provides, in relevant part, that damages to a plaintiff in a wrongful death action be awarded as "compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought." In interpreting the "qualifying phrase" of " 'pecuniary injuries' " within the context of whether loss of consortium could be claimed as damages in a wrongful death action, the Court of Appeals has stated that the phrase "has been consistently construed by the courts as excluding recovery for grief, and loss of society, affection and conjugal fellowship" *(Liff v Schildkrout,* 49 NY2d 622, 633). The damages plaintiff seeks for loss of companionship, comfort and assistance fall within this nonpecuniary area typical of a loss of consortium claim and are not recoverable in a wrongful death action.

To be distinguished are damages awarded to minor children for the economically recognized and calculable losses of the household management services of a mother. *(See, De Long v County of Erie,* 60 NY2d 296, 307.) However, the instant claim is being brought on behalf of adult children who, as adults, will not incur this type of pecuniary loss.

Finally, plaintiff fares no better in terming this a "loss of nurture" claim, in reliance on *Tilley v Hudson Riv. R. R. Co.* (24 NY 471). There, the court ruled that affectional injuries of grief and deprivation of society and companionship are not compensable in a wrongful death action, as they are not pecuniary injuries. *(Supra,* at 476.) However, the court also stated that minor children could allege a pecuniary injury from the premature loss of the educational training, instruction and guidance they would have received from their now-deceased parent, because that loss could affect their "future well-being in a worldly point of view and * * * [is] distinguished from injuries to the feelings and sentiments". *(Supra,* at 476.) Recovery of this sort, however, is tied to the parental role of providing minor children with educational and intellectual nurturing and the financial effect this particular loss of nurturing could have on the future of the infant. *(See,* 9A

Rohan, NY Civ Prac ¶ 5-4.3 [2] [a] [iii].) Because the children here are already adults, plaintiff cannot make this claim.

Accordingly, the second cause of action, to the extent it seeks recovery for the loss of companionship, comfort and assistance arising from Eleanor Bumpurs' alleged wrongful death, should be dismissed.

Resettled order signed and filed. Concur—Ross, J. P., Carro, Asch and Smith, JJ.