■ MARTA GONZALEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Judgment of the Supreme Court, New York County (Robert S. Rose, J.), entered March 23, 1989, upon a jury verdict after trial which, after reductions agreed to by plaintiff, awarded $100,000 for pecuniary injuries to the next of kin of the deceased and $350,000 for her conscious pain and suffering, unanimously affirmed, without costs.

On March 7, 1984, Maria Freire, aged 76, was murdered in her apartment. Liability on the part of the defendant is not contested on appeal. Mrs. Freire's death was extremely violent. Her assailant (who was captured and convicted of murder) had bound her hands behind her back, gagged her and tied one foot to a dresser. An autopsy revealed that eight of her ribs had been fractured and a tooth knocked out of her mouth. It also showed that she had sustained a fracture of the neck and significant bruising about the back of the head. The ultimate cause of death was "asphyxia by gagging."

Defendant claims that the evidence was highly speculative on the question of pain and suffering and suggests that Mrs. Freire might have been unconscious at the outset of the assault, possibly from the blow to the back of her head. We believe, however, that the circumstantial evidence renders it more probable that Mrs. Freire was conscious when most of

the injuries were inflicted, for if she had been unconscious at the outset of the assault there would have been little incentive for the murderer to have bound and gagged her, tied her foot to the dresser, and inflicted the other injuries to her head and neck. Asphyxiation by gagging, whether it occurred within minutes or within an hour of the initial assault, is a particularly slow and terrifying way to die and, under the circumstances, we do not find the award for conscious pain and suffering ($1,000,000 reduced by the trial court to $350,000) to be excessive *(compare, Pollock v Collipp,* 124 AD2d 647 [$200,-000 for death by hypothermia after 55 minutes in very cold water]; *DeLong v County of Erie,* 89 AD2d 376, 385, *affd* 60 NY2d 296 [$200,000 for death by stabbing where decedent expired 12 minutes after the beginning of the attack]).

We likewise affirm the award of $100,000 (reduced from $1,250,000) for pecuniary loss to decedent's next of kin. Mrs. Freire, with a 10-year life expectancy at the time of her death, had for many years been a "mother" to her grandchildren, plaintiff Marta Gonzalez and Antonio Freire (aged 21 and 19, respectively, at the time of the murder). *Bumpurs v New York City Hous. Auth.* (139 AD2d 438) is factually distinguishable. In that case, we noted that damages recoverable by children in a wrongful death action are "tied to the parental role" and are occasioned by "the economically recognized and calculable losses of the household management services of a mother" or "the premature loss of the educational training, instruction and guidance they would have received from their now-deceased parent" *(Bumpurs v New York City Hous. Auth., supra,* at 439). While Eleanor Bumpurs fulfilled neither of these functions for her adult children, here, the record reflects that the decedent not only assumed a parental role with respect to her adult grandchildren, but also provided housekeeping services to their mother who has been under psychiatric care for over a decade. Therefore, this matter is governed by the general rule that pecuniary injury may ordinarily be claimed by adult children *(see, McKee v Colt Elecs. Co.,* 849 F2d 46, 50-51; *Korman v Public Serv. Truck Renting,* 116 AD2d 631, 632).

Accordingly, the judgment appealed from is in all respects affirmed. Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.