■ RUDOLPH JAMAICA et al., Plaintiffs, v SYLVIA NARVAEZ et al., Defendants. (Action No. 1.) LYDIA NARVAE, Plaintiff, v SMITH'S TRANSFER CORP. et al., Defendants. (Action No. 2.) FRANCISCO TRIANA, Appellant, v SMITH'S TRANSFER CORP. et al., Defendants, and CITY OF NEW YORK, Respondent. (Action

No. 3.) [604 NYS2d 209] —In an action to recover damages for wrongful death and conscious pain and suffering, the plaintiff Francisco Triana appeals from so much of a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated July 13, 1990, as, upon setting aside a jury verdict in his favor with respect to the cause of action to recover damages for the conscious pain and suffering of the plaintiff's decedent, dismissed that cause of action.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the jury verdict in favor of the plaintiff on the cause of action to recover damages for conscious pain and suffering is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment.

The uncontroverted testimony of the plaintiff's expert that the decedent did not instantly die as a result of the injuries she sustained upon the crash of the car in which she was a passenger, that the decedent would have been conscious and alert for a minimum of 20 minutes after the impact, and that the decedent sustained injuries which were extremely painful, sufficiently established that the decedent experienced conscious pain and suffering *(see, Gonzalez v New York City Hous. Auth.,* 161 AD2d 358, *affd* 77 NY2d 663; *Stein v Liebowitz-Pine View Hotel,* 111 AD2d 572). Therefore, the court erred in setting aside the jury verdict awarding damages to the plaintiff for conscious pain and suffering. Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.