PHILIP LIPP, as Administrator, etc., of GEORGE LIPP, Deceased, Respondent, *v.* OTIS BROTHERS AND COMPANY, Appellant, Impleaded with CHARLES J. GILLIS and STEPHEN J. GEO-GHEGAN and BENJAMIN ALTMAN, Respondents.

NEGLIGENCE — ACTION BY SOLE NEXT OF KIN — EVIDENCE.  Upon the trial of a statutory action brought by a father, the sole next of kin of his son, to recover the fair and just compensation for the pecuniary injuries which resulted from his son's death, the reception of evidence tending to show the misfortunes or the poverty of the brothers and sisters and nephews and nieces of the deceased, thus calling attention to the great opportunities the plaintiff had for making a charitable use of any surplus moneys he might have after satisfying his own personal necessities, is reversible error, as such improper evidence is calculated to awaken the sympathy of the jury and thus increase the verdict beyond the amount which otherwise would have been rendered.

*Lipp* v. *Otis Brothers & Co.*, 28 App. Div. 228, reversed.

(Argued January 19, 1900; decided February 6, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1898, affirming a judgment in favor of plaintiff against

the defendant Otis Brothers & Co. entered upon a verdict, and also affirming an order denying a motion to set aside the verdict and for a new trial.

This action was brought to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendants.

The facts, so far as material, are stated in the opinion.

*John M. Scribner* for appellant. The learned trial judge erred in denying the motion made on behalf of the appellant to dismiss the complaint as against the defendant Otis Brothers & Co. (*Stuber* v. *McEntee*, 142 N. Y. 203; Code Civ. Pro. § 1902; *Bond* v. *Smith*, 113 N. Y. 385; *Taylor* v. *City of Yonkers*, 105 N. Y. 209; *Pauley* v. *S. G. & L. Co.* 131 N. Y. 98; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 366; *McCaffrey* v. *T. T. S. R. R. Co.*, 47 Hun, 404; *Improvement Co.* v. *Munson*, 14 Wall. 448; *Commissioners* v. *Clark*, 94 U. S. 284; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 358; *Caspers* v. *D. D., etc., R. R. Co.*, 22 App. Div. 159.) There were no facts or circumstances proven by the plaintiff in this case sufficient to establish any negligence on the part of the appellant. (*Ruppert* v. *B. H. R. R. Co.*, 154 N. Y. 94; *People* v. *Harris*, 136 N.Y. 429; *Searles* v. *M. Ry. Co.*, 101 N.Y. 661.) The grounds on which the learned trial judge based his decision denying appellant's motion to dismiss the complaint as against Otis Brothers & Co. were erroneous, and the exceptions on behalf of said defendant were well taken. (*Cosulich* v. *S. O. Co.*, 122 N. Y. 118; *McInerney* v. *D. & H. C. Co.*, 151 N. Y. 411; *Hulse* v. *N. Y., O. & W. R. R. Co.*, 71 Hun, 41; *Reiss* v. *N. Y. S. Co.*, 128 N. Y. 103.) The learned judge erred in charging the jury that an inference of negligence might be drawn from any facts or circumstances proven in the case in contradiction of the positive evidence of Jurgensen and Cullen, who were the plaintiff's own witnesses, and the exceptions by the appellant were well taken. (*Lomer* v. *Meeker*, 25 N. Y. 363; *Kavanagh* v. *Wilson*, 70 N. Y. 179; *People* v. *Tuczkewitz*, 149 N. Y. 251; *Elwood* v. *W. U. T.*

*Co.,* 45 N. Y. 553 ; *Koehler* v. *Adler,* 78 N. Y. 291 ; *Plyer* v. *G. A. Ins. Co.,* 121 N. Y. 689 ; *Newton* v. *Pope,* 1 Cow. 110 ; *Seibert* v. *Erie Ry. Co.,* 49 Barb. 586.)    The trial court erred in admitting testimony calculated to excite the sympathies of the jury which had no bearing on the issues in the case. (*Steubing* v. *Marshall,* 10 Daly, 406 ; *Pennsylvania Co.* v. *Roy,* 102 U. S. 451 ; *Alberti* v. *N. Y., L. E. & W. R. R. Co.,* 118 N. Y. 82 ; *Hutchins* v. *Hutchins,* 98 N. Y. 65 ; *Anderson* v. *R.,* etc., *R. R. Co.,* 54 N. Y. 341 ; *People* v. *Corey,* 148 N. Y. 489 ; *Furst* v. *S. A. R. R. Co.,* 72 N. Y. 542 ; *McCarney* v. *People,* 83 N. Y. 417 ; *People* v. *Smith,* 104 N. Y. 491.)    The court below erred in refusing to grant a new trial, as the verdict rendered is unsustained by any sufficient evidence. (*S. O. Co.* v. *A. Ins. Co.,* 79 N. Y. 510 ; *Bliss* v. *Fosdick,* 76 Hun, 508 ; *Young* v. *Stone,* 77 Hun, 395 ; *Horan* v. *C. P.,* etc., *R. R. Co.,* 9 Misc. Rep. 68 ; *Kinsley* v. *B. C. R. R. Co.,* 1 N. Y. S. R. 560 ; *Kummer* v. *C. & T. S. Ry. Co.,* 2 Misc. Rep. 298 ; *Nutting* v. *K. C. El. Ry. Co.,* 91 Hun, 251 ; *Sheldon* v. *H. R. R. R. Co.,* 29 Barb. 229 ; *Haring* v. *N. Y. & E. R. R. Co.,* 13 Barb. 15 ; *Barrett* v. *T. A. R. R. Co.,* 45 N. Y. 628.)

*Abram I. Elkus* and *Edward C. James* for respondent. The motions to dismiss the complaint as to Otis Brothers & Co. and to direct a verdict were properly denied. (*Mullen* v. *St. John,* 57 N. Y. 567 ; *Volkmar* v. *M. Ry. Co.,* 134 N. Y. 418 ; *Hogan* v. *M. R. Co.,* 149 N. Y. 23 ; *Reilly* v. *A. I. C. Co.,* 83 Hun, 196 ; *Dohn* v. *Dawson,* 90 Hun, 271 ; *Poulsen* v. *N. E. R. R. Co.,* 18 App. Div. 221 ; *Jones* v. *U. Ry. Co.,* 18 App. Div. 267 ; *Guldseth* v. *Carlin,* 19 App. Div. 588 ; 16 Am. & Eng. Ency. of Law, 449 ; Abbott's Tr. Ev. 583 ; *Elwood* v. *W. U. T. Co.,* 45 N. Y. 553 ; *Justice* v. *Lang,* 52 N. Y. 323.) Any one of joint tort feasors may be held liable for an injury which has been suffered, because of the negligence of all of them. (*Creed* v. *Hartmann,* 29 N. Y. 591 ; *Barrett* v. *T. A. R. R. Co.,* 45 N. Y. 628 ; *Roberts* v. *Johnson,* 58 N. Y. 613 ; *Kain* v. *Smith,* 80 N. Y. 458 ; *Lord* v. *Tiffany,* 98 N. Y. 421 ;

*Popham* v. *T. T. S. R. R. Co.*, 16 J. & S. 229.) None of appellant's exceptions to the admission of evidence are well taken. (*Humes* v. *Proctor*, 151 N. Y. 520; *Schneider* v. *S. A. R. R. Co.*, 39 N. Y. S. R. 375; *Black* v. *Foster*, 28 Barb. 387; *Houghkirk* v. *D. & H. C. Co.*, 92 N. Y. 219.)

Parker, Ch. J. We are unable to agree with the prevailing opinion at the Appellate Division in so far as it excuses, if it does not fully justify, the course of the plaintiff in calling as his last witness his own son to tell the jury about the children and grandchildren of the plaintiff, and thus calling attention to the great opportunities that the plaintiff had to make a charitable use of any surplus moneys he might have after satisfying his own personal necessities. The evidence could serve no other purpose than to arouse the sympathies of the jury, for none of the persons described were next of kin of the deceased, nor were they, or their riches or poverty, entitled to consideration at the hands of the jury.

George Lipp, who lost his life through the accident, for which Otis Brothers and Company were by the judgment below held responsible, was the son of Philip Lipp, who, as the administrator of the deceased, brings this action to recover the "fair and just compensation for the pecuniary injuries, resulting from the decedent's death," to him as the next of kin of the deceased. (Code Civ. Pro. section 1904.) The damages to be awarded in such an action are "exclusively for the benefit of the decedent's husband or wife and next of kin." (Code, section 1903.)

George Lipp died leaving no wife or children, but he left a father, this plaintiff, who was his sole next of kin (Code, section 1870 and section 2732, subdivision 7), and as such entitled to the entire amount of the recovery in the action. At an early stage of the trial the plaintiff proved the facts and circumstances which were necessary to aid the jury in determining the extent of the pecuniary injury sustained by the plaintiff through the death of his son. The plaintiff testified that his son at the time of his death was thirty years of age, in good

health, had never been sick since he was a boy and had never been known to stay away from work one day on account of his ill-health, that his trade was stonecutting, which he had followed since he was sixteen years of age, and that every two weeks he would turn over to his father the sum of $60, of which the father would return to him $12, being $6 a week, with which to buy his clothes and pay his incidental expenses, the remaining sum of $48 being used by the plaintiff in paying house rent and supporting his family, which included boarding plaintiff's intestate and furnishing him a home. All of this evidence was helpful to the jury in reaching a conclusion as to the extent of the pecuniary injury done to the plaintiff by the death of his son, and had the plaintiff stopped there this judgment might not have been disturbed. But after plaintiff had sworn the last witness whom he called for the purpose of supporting the allegations of his complaint, he caused John Lipp, a brother of the deceased, to take the witness stand. Not a single fact did he attempt to prove by John which in anywise affected or related to the issues in the case. From the first question to the last, covering nearly three printed pages of the record, the plaintiff's counsel asked of the witness not a question that did not relate to the brothers and sisters and nephews and nieces of the deceased, not one of whom was next of kin of the deceased, who alone were entitled to be taken into consideration by the jury in determining the amount of damages which they should award. While this was being done the learned counsel for the defendant did not sleep upon his rights, but instead protested by proper objections to the attempt of the plaintiff to put before the jury this irrelevant and immaterial testimony. The first question asked of the witness after he had testified that he was a son of the plaintiff and a married man was, " Q. When were you married?" and after objection had been overruled and the exception noted, the answer came, "I was married ten years ago. Q. Have you a wife and family? A. I have; and a big family, too." Other questions related to sisters, both married and unmarried, the last question eliciting the

answer that the unmarried sister was not able to work. Every question was objected to and the learned counsel for the plaintiff was thus fully apprised of the contention of the defendant that the plaintiff had no legal right to have the jury consider the misfortunes or the poverty of the brothers and sisters and nephews and nieces of the dead man, in determining the amount of compensation which should be awarded to the father for the injuries sustained by the death of his son. But he would not stop ; for he well knew how effective that testimony would be in swelling the amount of the damages to be awarded by a jury who would see no reason for leaving out of consideration, when making up their judgment, the necessities of those who were closely allied in blood to the deceased, especially in view of the fact that the trial court, against the strenuous protests of defendant's counsel, had ruled that the testimony was proper for the consideration of the jury. That the answers elicited from the witness were irrelevant and immaterial to the issues presented for trial by the pleadings is not open to question, nor should it we think be said it was harmless, but instead that it was within the rule often stated in this court that "Illegal evidence that would have a tendency to excite the passions, arouse the prejudices, awaken the sympathies or warp or influence the judgment of the jurors in any degree, cannot be considered harmless." (*Hutchins* v. *Hutchins*, 98 N. Y. 65.) Clearly, the testimony we have been considering could not render any service in the case other than to awaken the sympathies, and thus influence the judgment, of the jurors in the direction of a greater award, nor is it reasonable to assume that any other result was expected from it. A similar question was presented to the United States Supreme Court in *Pennsylvania Co.* v. *Roy* (102 U. S. 451). In that case a passenger was injured by the falling of a berth in a sleeping car in which he was at the time riding, and for the injuries sustained he recovered a judgment in the sum of $10,000. During the trial the plaintiff, against the objection of the defendant, was permitted to give the number of his children and their ages — a son ten years of

age, and three daughters of the ages respectively of fourteen, seventeen and twenty-one. This was held to be error and the court for that error alone reversed the judgment.

The judgment should be reversed and a new trial granted, with costs to abide the event.

O'Brien, Bartlett, Haight, Martin, Vann and Landon, JJ., concur.

Judgment reversed, etc.