Pantall *v.* Rochester & Pittsburg Coal and Iron Company, Appellant.

*Appeals—Error for which appellant responsible.*

An appellant has no standing to complain of an error to which he contributed or for which he was responsible.

*Mines and mining—Surface support—Damages.*

Where in an action against a coal company to recover damages for subsidence of surface, the case is tried in the court below and argued in the Superior Court on the theory that the cause of action was the subsidence of the surface, and not the removal of the coal, and the defendant in the common pleas, who was the appellant in the Superior Court, acquiesces in this theory, and makes no attempt to assert the correct rule as subsequently established in Noonan v. Pardee, 200 Pa. 474, that the removal of the coal was the cause of action, he has no standing on an appeal from the Superior to the Supreme Court to assert the correct rule.

In such a case where an owner of sixty acres of land institutes a suit against the owner of coal under the land to recover damages for a subsidence of the surface due to alleged improper mining, and in his statement limits his claim to only twenty-nine acres of the sixty acres, and notifies the defendant that he will claim damages for the injury to twenty-nine acres up to the date of the trial, and at the trial he recovers a verdict on which judgment is entered, he may subsequently maintain an action to recover damages for injuries to the other thirty-one acres, where it appears that surface indications of subsidence of the surface of the thirty-one acres began between the date of the institution of the first action, and the trial of the first action, although there had been no mining after the date of the institution of the first action.

*Damages—Act May* 2, 1876, *P. L.* 95—*Notice.*

A notice under the act of May 2, 1876, enables the plaintiff to recover damages down to the date of trial in case of a trespass of continuing nature, but cannot be used to bring in separate subsequent causes of action, arising between the issue of the writ and the trial even though they be trespasses of the same kind.

Argued Oct. 16, 1902.    Appeal, No. 16, Oct. T., 1902, by defendant, from judgment of Superior Court, April Term, 1901, No. 136, affirming judgment of C. P. Jefferson Co., Nov. T., 1899, No. 97, in case of Theophilus Pantall v. Rochester & Pittsburg Coal and Iron Company.    Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Appeal from Superior Court.    See 18 Pa. Superior Ct. 341. The opinion of the Supreme Court states the case.

*Error assigned* was the judgment of the lower court.

*B. M. Clark*, with him *A. L. Cole*, for appellant.—This case is ruled by Noonan v. Pardee, 200 Pa. 474.

*C. Z. Gordon*, with him *A. J. Truitt*, for appellee.—A party will never be allowed to take advantage of his own wrong or the error of the court induced on his own motion, and then compel the opposite party to suffer the consequences: Fisher v. Farley, 23 Pa. 501; Jobbins v. Gray, 34 Ill. App. 208; Bigham's App., 123 Pa. 262; Auburn Bolt Works v. Shultz, 143 Pa. 256; Totten's App., 40 Pa. 385.

OPINION BY MR. JUSTICE MITCHELL, November 10, 1902:
It was held in Noonan v. Pardee, 200 Pa. 474, that where there has been a horizontal division of land, and the owner of the subjacent estate removes coal or other mineral without leaving sufficient support, in consequence of which the surface sinks, the cause of action is the removal of the coal, not the subsidence of the surface, which is only consequence and evidence of the wrongful act of removal.    The subject is one of inherent difficulty.    On the one hand the surface owner may suffer no actual damage, and be in entire ignorance of any invasion of

his rights until the statute of limitations has barred his remedy. On the other hand, the mine owner, using every care, may be called upon to respond to a claim of damages occurring years after his operations have ceased, his evidence lost, and his liability made doubtful by other intervening causes. No rule can be framed which may not at times inflict great hardship on one party or the other. Courts of the highest authority have differed on the rule to be adopted. In Noonan v. Pardee the subject was most carefully considered, and the rule followed which seemed to rest on the soundest principles, and to be in accord with the best authorities.

The case at bar was tried before the jury, and argued in the Superior Court before the decision in Noonan v. Pardee, and the learned judge of the common pleas held that the cause of action was the subsidence of the surface, and therefore that every new subsidence was a new cause of action. It is admitted that this was in direct conflict with Noonan v. Pardee, and erroneous, but the question for us is whether the error was one for which the judgment should now be reversed. It was a view of the law, erroneous as it turned out to be, in which all parties concerned at that time, including appellant, concurred. One of appellant's points presented at the time was: " The plaintiff's right of action accrued whenever there was an apparent injury to any of his farms from breaking or caving in of the surface, and the statute of limitations would run from that time, and would bar all actions for injuries apparent or reasonably prospective, arising or resulting from mining previously done by the defendant company."

None of the errors assigned in the Superior Court complains of the action of the trial court on this subject or raises any question of the law as there laid down. It is a clear case of an error to which appellant at least contributed if he did not procure, and of which therefore he is not now entitled to complain: Bigham's Appeal, 123 Pa. 262; Fisher v. Farley, 23 Pa. 501.

We come to the question, therefore, whether there was any error in the judgment of the Superior Court as the case was presented to it.

Plaintiff in 1899 brought this action for damages for the subsidence of the surface upon various parts of his tract of thirty-one acres specifically described in his declaration. It appeared

at the trial that plaintiff, being the owner of sixty acres, had brought a prior action in 1894 for injuries of the same kind to a part of the tract, consisting of twenty-nine acres, described in his declaration in that action, and under a notice pursuant to the Act of May 2, 1876, P. L. 95, had recovered a verdict and judgment for damages down to the date of the trial in 1898. It also appeared that no coal had been mined under any of the land since 1894, and there was no evidence of any subsidences on the thirty-one-acre tract since 1898. The substantial defense was that plaintiff, being the owner of the whole tract of sixty acres, was bound to include in his first action all the damages to any part of it down to the trial in 1898, and there being no evidence of any new subsidences on the thirty-one-acre tract since that date, the judgment in the first action was a bar to this. The court so held as to all damages to the twenty-nine-acre tract, and nothing was allowed to be recovered in respect of it in this action, but as to the thirty-one-acre tract, he held that as each subsidence was a new cause of action, the notice did not apply to any on that part between 1894 and 1898.

The case therefore really turns on the effect of the notice under the act of 1876. The act was construed in Hileman v. Hileman, 172 Pa. 323, to be intended to relieve from the necessity of multiplied actions, and to enable the plaintiff in an action for a trespass of continuing nature to recover the damages down to the date of the trial, instead of being obliged to bring a second action after his right had been established by the first. But the act, as was convincingly shown by our Brother DEAN, did not apply to separate causes of action, even though similar in kind and in effect, nor did the act lead to any such absurd result as that an action brought before any wrong was committed, could end in a verdict for a wrong done thereafter. The learned judge below followed Hileman v. Hileman, and on the theory of the trial that each separate subsidence in the surface land was a new and separate cause of action, he was right in holding that the notice of the intention to claim damages to the date of the trial could apply only to the cause of action declared upon, to wit: the subsidences of the surface on the twenty-nine-acre tract, and that as to any subsidences on the thirty-one-acre portion of the whole tract, if existing in 1894, and not declared for they were barred, but

as to those occurring after the first writ in 1894, they were new and separate causes of action that could not be brought by any notice into that suit. As already discussed, the theory of the trial was erroneous, but the error was one of which appellant has no standing to complain, and assuming the theory to be correct for the purposes of this case, it was correctly tried.

Judgment affirmed.