<hr/>

### MURPHY v. ERIE R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

Action by Catherine E. Murphy, administratrix of Emily J. Warth, against the Erie Railroad Company. From an order and judgment for plaintiff, defendant appeals. Affirmed.

PER CURIAM. Judgment and order affirmed, with costs. All concur, except SPRING and ROBSON, JJ., who dissent in a memorandum by SPRING, J.

SPRING, J. (dissenting). I concur with the Presiding Justice that there was abundant evidence both of the defendant's negligence and of the freedom from contributory negligence of the plaintiff's intestate. I think, however, prejudicial errors were committed in the reception of evidence bearing upon the question of damages, requiring the granting of a new trial.

The decedent was an unmarried woman of the age of 52 years, was a tailoress earning about $8 a week, of which she paid $3 for her board. Her next of kin were a married sister, who is the plaintiff, and with whom the intestate resided, and a brother residing in Ohio. The married sister had three children, and the plaintiff was permitted to show the expenditures which were made by the decedent to these children. Mary, the eldest child, was 10 years of age and the plaintiff testified that Miss Warth "bought all of Mary's clothes from a baby up. Off and on she would buy things for the other children, but she took full charge of Mary." The extent of her contributions to the care and maintenance of these children was gone into somewhat extensively, and all under the objection of the defendant's counsel.

I think the evidence was incompetent. While indirectly it may be said to have benefited the mother, or to a greater extent their father, who was primarily chargeable with their maintenance, yet it is too remote, too uncertain to be one of the permissible elements of damages. They were not the next of kin of the decedent. She was under no obligation to aid in their support. She may have given a present of money annually to the husband of her sister, and in that way the latter might have been indirectly the gainer, in that the income of her husband was thus increased; yet evidence of such a payment, in my judgment, should not be allowed to add to the sum to which the plaintiff might be entitled to recover of the defendant for causing the death of Miss Warth. While the court, in admitting this evidence, of course, stated it was solely for the purpose of showing the damages sustained by the plaintiff, its effect would be to enhance the damages very materially.

This testimony was given by the plaintiff, who is entitled to one-half of the recovery, and proof of the relation of members of the family to the deceased must generally come from those interested. The disposition to enlarge the assistance which it is claimed was rendered by the decedent requires that the proof of damages be confined within a reasonably narrow compass, including only what is the direct, legitimate, pecuniary loss sustained by the next of kin by reason of the decedent's death, and that seems to be the tendency of the decisions. Lipp v. Otis Bros. & Co., 161 N. Y. 559, 56 N. E. 79; Smith v. Lehigh Valley R. R. Co., 177 N. Y. 379, 384, 69 N. E. 729; Austin v. Bartlett, 178 N. Y. 310, 315, 70 N. E. 855. The verdict was $4,000, perhaps not excessive, yet sufficiently large, in view of the relations of the parties, to justify the inference that the proof referred to added much to its size.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

ROBSON, J., concurs.