MARGARET S. HOWEY, ADMINISTRATRIX, *vs.* THE NEW
ENGLAND NAVIGATION COMPANY.

Second Judicial District, Norwich, April Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, JS.

The personal representative of a decedent whose death in another
State is caused by negligent acts there committed, may maintain
an action for damages in this State under our laws.

Whether our courts would, as a matter of comity, enforce the laws of
the other State fixing a different rule of damages, if objection were
raised, *quære.*

An appellant cannot complain because the trial court correctly applied
a rule of law which he himself invoked.

An employee of the defendant died in New York of personal injuries
inflicted there which were caused by the defendant's negligence.
In an action by his administratrix in this State, the complaint set
forth the statutes of New York, "by force" of which damages of
$25,000 were claimed. *Held* that the measure of damages recov-
erable under the law of that State was "fair and just compensation
for the pecuniary injury to the person or persons for whose benefit
the action" was brought, in determining which the character, qual-
ities, capacity and condition of the decedent and of the beneficiary
were to be considered, but not the pain and suffering of the former
nor the sorrow and grief of the latter.

It appeared from the evidence that the decedent was forty-two years
old and earned $30 a month, out of which he contributed $10
monthly for the support of his father, the beneficiary of the action,
who was eighty-seven years of age and an invalid without means.
*Held* that under these circumstances there was no error in setting
aside a verdict for $4,000 after the plaintiff had refused to remit
$3,000 as suggested by the trial court.

The practice of setting aside an entire verdict which is excessive, un-
less a part of it is remitted, is one that is sanctioned in this State.

Argued April 26th—decided June 14th, 1910.

ACTION to recover damages, under the laws of New
York, for negligence causing the death of the plaintiff's
intestate, brought to the Superior Court in New Lon-
don County and tried to the jury before *Reed, J.;* ver-
dict for the plaintiff for $4,000, which the trial court

Howey *v.* New England Navigation Co.

set aside as excessive after the plaintiff had refused to accept $1,000 damages, from which action the plaintiff appealed. *No error.*

The complaint describes an accident which occurred September 12th, 1909, in the port of New York, alleged to have been caused by the defendant's negligence, and by which the plaintiff's intestate, Robert Swanton, employed on one of the defendant's steamers, sustained injuries, from having his foot and ankle caught and crushed by a hawser which had not been properly cast off from the wharf spile when the steamer was leaving its dock, which injuries caused his death.

After alleging that the deceased left surviving him his father, as next of kin, the complaint contains these averments: "At the time stated . . . there was and still is in force and operation in said State of New York a certain law and statute of said State of New York, the following sections of the Code of Civil Procedure:

'1902. The executor or administrator of a decedent who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would be liable to an action in favor of the decedent by reason thereof, if death had not ensued.'

'1903. The damages recovered in an action brought as provided in the last section are exclusively for the benefit of the decedent's husband, or wife, and next of kin, and when they are collected they must be distributed by the plaintiff as if they were unbequeathed assets in his hands for the payment of all debts and expenses of administration. But the plaintiff may deduct therefrom the expenses of the action, the reasonable funeral expenses of the decedent and his commission on the residue, which amount must be allowed

by the surrogate upon notice given in such a manner and to such persons as the surrogate deéms proper.'

'1904. The damages awarded to the plaintiff may be such a sum as the jury, upon a writ of inquiry, or upon a trial, or when issues of fact are tried without a jury, the Court or the Referee deems to be fair and just compensation for the pecuniary injuries resulting from decedent's death, to the person or persons for whose benefit the action is brought. When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereon from the decedent's death and include it in the judgment. The inquisition, verdict, report or decision, máy specify the day from which interest is to be computed; if it omits so to do, the day may be determined by the clerk upon affidavits.'

"On said day there was also in force and operation in said State of New York the following provision in the Constitution of said State: 'Art. I, Sec. 18. The right of action now existing to recover damages for injuries resulting in death shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation.'

"And thereupon and thereby under and by virtue of the provisions of the aforesaid laws and statutes of the State of New York a cause of action to recover damages as therein provided from the defendant for its wrongful act, neglect and default, by which the death of the plaintiff's intestate was caused, as above set forth in this complaint, was given, accrued and survived to the plaintiff, as his administratrix aforesaid, for the benefit of the said next of kin of said deceased."

The *ad damnum* clause of the complaint is as follows: "The plaintiff claims $25,000 damages by force of the statutes as above set forth, in such case made and provided."

The answer was substantially a denial of the averments of the complaint.

The evidence at the trial showed that the deceased, Robert Swanton, who was a brother of the plaintiff, was forty-two years old at the time of his death, and was earning $30 a month and his board, in the defendant's employ, and that he had saved about $200. He had never married, and his next of kin was his invalid father, who was eighty-seven years old, and without means, and who has lived with the plaintiff during the past eleven years. The deceased had not visited his father for more than a year prior to the accident. He contributed to his support by sending to the plaintiff $10 a month for his father's board.

The plaintiff also laid in evidence §§ 1902–3–4 of the Civil Code of New York, Section 18, Article I, of the Constitution of New York, the cases of *Tilley* v. *Hudson River R. Co.*, 24 N. Y. 471, 475, 29 N. Y. 252, *Ihl* v. *Forty-second Street R. Co.*, 47 N. Y. 317, 321, *Lockwood* v. *New York, L. E. & W. R. Co.*, 98 N. Y. 525, and *Countryman* v. *Fonda, J. & G. R. Co.*, 166 N. Y. 201, 208, as evidence of the law of New York giving to the plaintiff this cause of action.

The jury rendered a verdict for the plaintiff for $4,000.

The defendant filed a motion to set aside the verdict, the first and third grounds of which were, respectively, that the verdict was against the evidence, and that the damages awarded were excessive.

In his memorandum of decision of the motion, the court said that it was granted upon the third ground, unless the plaintiff, within one week, remitted all the damages except $1,000.

The plaintiff not having remitted the damages in accordance with the memorandum of decision, the court set aside the verdict and granted a new trial, limiting the new trial to the question of damages.

The setting aside of the verdict and granting a new trial as to damages, unless the plaintiff should remit the damages to the sum of $1,000, are the reasons of appeal assigned by the plaintiff.

*Donald G. Perkins* and *Allyn L. Brown,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

HALL, C. J. No one questions but that the plaintiff, as administratrix upon her brother's estate, might have maintained an action in our courts, and under our laws, for damages for the personal injuries sustained by her brother from the defendant's negligence in the State of New York. She has not attempted, however, to avail herself of the right of action given by the laws of our State, but has chosen to endeavor to enforce, in the courts of this State, a right of action given by the laws of the State of New York, evidently believing it would be to her advantage to do so. Whether, when our own laws furnished to the plaintiff, as administratrix, an adequate remedy—and perhaps one more beneficial for those interested in the decedent's estate than did the laws of New York State—for the injuries to her intestate, our courts, upon objection made, would, as a matter of comity, enforce the remedy given by the laws of another State where the accident happened, and which fix a different rule or limit of damages than those established by our laws, we have no occasion to decide in the present case, since that question is not raised by the appeal. The plaintiff, by her complaint, expressly asks and asks only, for the enforcement of the right of action given by the law of New York. The defendant, if it does not concede that this action is to be governed by the laws of the State of New York as

to the character of the damages recoverable, at least makes no objection to the plaintiff's said claim upon that subject. This is the plaintiff's appeal, and she is in no position to claim that the court erred in applying correctly the law which she herself invoked. We have therefore only to decide whether the trial court erred in holding that the damages awarded were excessive, considering the character of the damages recoverable by the laws of New York.

Again, we are not to enquire whether a verdict for any sum over $1,000 and under $4,000 would have been excessive, but only whether the verdict for $4,000 was excessive. That was the only verdict rendered, and the only one set aside. The statement of the trial judge, that the verdict would be set aside unless the plaintiff remitted all except $1,000, was not a reduction of the verdict to $1,000. The practice of setting aside an entire verdict which is excessive unless a part of it is remitted, is sanctioned in this State. *Dunning* v. *Crofutt*, 81 Conn. 101, 104, 70 Atl. 630.

By the law of New York, as claimed by the plaintiff and alleged in the complaint, the damages recoverable in this action are exclusively for the benefit of the decedent's next of kin, in this case his father, and the damages to be awarded are limited to a "fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person or persons for whose benefit the action is brought."

The words "fair and just compensation for the pecuniary injuries" mean reasonable compensation for such injuries, considering the character, qualities, capacity and condition of the deceased, and the age, circumstances and condition of his next of kin or the person or persons for whose benefit the action is brought, and not considering, as elements of damage, the suffering of the deceased from the injuries, nor the grief of such

relatives; and such is the interpretation of these words by the courts of New York. *Tilley* v. *Hudson River R. Co.,* 24 N. Y. 471, 475, 29 id. 252; *Ihl* v. *Forty-second Street R. Co.,* 47 id. 317, 321; *Countryman* v. *Fonda, J. & G. R. Co.,* 166 N. Y. 201, 59 N. E. 822; *Etherington* v. *Prospect Park & C. I. R. Co.,* 88 N. Y. 641, 643.

In *Smith* v. *Lehigh Valley R. Co.,* 177 N. Y. 379, 384, 69 N. E. 729, which was an action like the present one, the court said that "such injuries are to be compensated for on the basis of the monetary value of the services of the deceased to her husband and children. Into such a case the personal element does not enter, for the law does not compensate for grief or sorrow, but only for the actual pecuniary loss." The following cases, cited by defendant's counsel, indicate to some extent the meaning given by the courts of New York to the words "fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person or persons for whose benefit the action is brought."

In *Lipp* v. *Otis Bros. & Co.,* 161 N. Y. 559, 562, 56 N. E. 79, the suit was for the benefit of the father, who, as in this case, was the sole next of kin of a deceased son, who left no wife or children. A verdict for $5,000 was set aside. In *Carpenter* v. *Buffalo, N. Y. & P. R. Co.,* 38 Hun (N. Y.) 116, 119, the action being for the benefit of the father as next of kin of a deceased son, a verdict of $4,000 was held to be excessive. In *McIntyre* v. *New York Central R. Co.,* 37 N. Y. 287, 296, the deceased earned $1 a day, and left three children over twenty-one years of age, who lived away from home and for whom she was in the habit of making clothing and sending it to them. A verdict of $3,500 was reduced to $1,500. In *Pitkin* v. *New York Central & H. R. R. Co.,* 94 N. Y. App. Div. 31, 87 N. Y. Supp. 906, a verdict of $1,500 as compensation to a father for

the loss of his son, the father having died six months after his son was killed, was set aside as excessive. In *Wells* v. *New York Central & H. R. R. Co.*, 78 N. Y. App. Div. 1, 78 N. Y. Supp. 991, and *Dinnihan* v. *Lake Ontario Beach Imp. Co.*, 8 N. Y. App. Div. 509, 40 N. Y. Supp. 764, verdicts of $3,500 in one case and $4,000 in the other, each as compensation for the death of a young girl, were each reduced to $2,500. In *Klemm* v. *New York Central & H. R. R. Co.*, 78 Hun (N. Y.) 277, 28 N. Y. Supp. 861, a verdict of $5,000 was rendered for the death of a mother leaving a son and a husband, and a new trial was granted unless the plaintiff would remit all but $2,500.

The plaintiff, on the other hand, cites numerous cases in which the New York courts have refused to interfere with the verdict rendered, and from which he claims that $4,000 was no more than fair and just compensation to the plaintiff for his pecuniary loss, within the meaning of those words of the statute as interpreted by the courts of New York.

The laws of New York are controlling as to the character of the loss for which compensation can be recovered in an action under the statute in question, but by the law of New York, as well as by that of our own State, the jury, in the exercise of a reasonable judgment, which is subject in a measure to the supervision of the presiding judge at the trial, are to determine the sum which is a fair and just compensation for such loss. *Houghkirk* v. *Delaware & Hudson Canal Co.*, 92 N. Y. 219; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504, 18 N. E. 108.

Applying the law of New York as to the character of the loss for which compensation could be recovered in this action, and giving proper consideration to the evidence showing the situation of the decedent's father, his extreme old age, and ill health, the earning power

of the deceased, and the relations between him and his father, we are satisfied that the trial judge committed no error in setting aside the verdict and granting a new trial.

The plaintiff has no reason to complain because the new trial was limited to the question of damages, as such limitation is to her advantage.

There is no error.

In this opinion the other judges concurred.