No. 19,259.

DAVID SPOTTSVILLE, *Appellee*, v. THE WESTERN STATES PORTLAND CEMENT COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. JUDGMENT—*For Plaintiff by Default—Judgment Set Aside on Plaintiff's Motion—No Error.* After the plaintiff had introduced certain evidence before the court, the defendant being in default, a judgment for $1 and costs was rendered, which was promptly paid into court by the defendant, but not received by the plaintiff. Two days after the rendition of such judgment, the journal entry of which recited that the injury was caused by the defendant's negligence, the plaintiff filed a motion to set it aside and grant a new trial, and the court heard evidence thereon and granted the motion. *Held,* that such order was valid and proper.

2. WORKMEN'S COMPENSATION ACT—*Defendant Not Within Its Provisions.* At the time of the injury, the workmen's compensation act of 1911 (Laws 1911, ch. 218, § 8) was in force. There was neither allegation nor proof that the defendant corporation had elected to come within its provisions, but there was some evidence that it had not done so. *Held,* that the court properly assumed and instructed that such an election had not been made.

3. EVIDENCE—*Rejection—Not in Record for Review.* A complaint of the rejection of evidence can not be considered when such complaint is based on nothing appearing in the record.

4. PERSONAL INJURIES—*Verdict for $3000 Not Excessive.* A quarryman forty-three years of age, who was making from $1.12 to $5.32 a day, had his arm injured by the falling of a suspended rock, after which injury an X-ray disclosed a fracture of the radius. Two operations were performed, but at the trial, fourteen months after .the injury, it was testified that the ends of the bone were not united. The plaintiff testified that it took him about three :weeks to do five days' work and that he had suffered much pain and had no control over his injured arm. *Held,* that a verdict for substantially $3000 is not excessive.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed February 6, 1915. Affirmed.

*Thomas E. Wagstaff,* of Independence, for the appellant.

*Hal R. Clark,* of Independence, and *Charles D. Welch,* of Coffeyville, for the appellee.,

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for personal injuries sustained September 14, 1912, by the fall of a suspended rock in the defendant's quarry. The action was begun February 12, 1913, and on March 18 thereafter the defendant being in default of an answer, the plaintiff produced certain evidence and a judgment rendered in his favor by the court for $1 and costs, which the defendant paid into court. March 20 the plaintiff filed a motion for a new trial, setting up accident and surprise and misunderstanding by counsel of orders and instructions of the court, by reason whereof plaintiff was not afforded sufficient opportunity to present his evidence and be heard on the merits and because the judgment was in part contrary to the plaintiff's equitable rights.

On April 20, 1913, this motion was sustained and the plaintiff was ordered to pay the costs. Thereupon an amended petition was filed re-alleging the grounds

set out in the original petition, to which an answer was
filed setting up a general denial and the former judg-
ment, alleging that it had never been lawfully set aside,
also alleging contributory negligence and assumption
of risk. Later a plea in abatement was filed, setting
up in detail the former proceeding and judgment, to
which plea a demurrer was sustained. The trial,
November, 1913, resulted in a verdict for the plain-
tiff, and the defendant appeals and complains of the
order overruling the plea in abatement and the act
of the court in not receiving evidence to support the
defense of contributory negligence and assumption of
risk; of error in an instruction that the defendant had
not elected to come within the provisions of the work-
men's compensation act, and in refusing evidence
upon that question, and that the judgment was not
sustained by sufficient evidence.

It is contended that the court had no jurisdiction to
set aside the judgment first rendered after it had been
paid, and that the motion did not come within sections
596 and 602 of the civil code which preclude the set-
ting aside of a judgment until it is adjudicated that
there is a valid cause of action, but the record shows
that the court found upon argument and considera-
tion that the motion ought to be sustained, which implies
an adjudication that there was a valid cause of action.
Moreover, the plea in abatement set out an express
finding by the court at the rendition of the original
judgment that the plaintiff's injury was the result of
the defendant's negligence, causing him pain, anguish
and loss of time. The mere payment of the judgment
into court without its acceptance by the plaintiff, fol-
lowed by the motion for a new trial, was certainly not
sufficient to oust the jurisdiction of the court to grant
such motion. The language of the motion would in-
dicate, however, that it was drawn under section 305
of the civil code, concerning new trials, and not under
section 596, relating to the vacation of judgments. The
recital of the record also shows that evidence was in-

troduced upon the hearing of the motion, the character of which is not disclosed, and there is nothing before us indicating that the order was void or improper. The motion was filed in time and during the term at which the judgment was rendered, and it is a familiar rule that the court has control over its own judgments during the term.

The jury were instructed that the workmen's compensation act applied to the case and provided compensation for workmen injured in certain hazardous undertakings, and that the defendant company not having elected to come within the provisions of the act could not invoke the provisions of that act touching contributory negligence and assumption of risk as a bar to the action. The act of 1911 provided that it should apply only to employers "who have elected or shall elect before the accident to come within the provision hereof." (Laws 1911, ch. 218, § 8.) There was no evidence that the defendant had so elected, but on the contrary one of its attorneys testified that a search of his office records and correspondence failed to disclose that such election had been made. Under the law as it existed at the time of the injury, the defendant not having elected to come within its provisions could not avail itself of assumption of risk or contributory negligence, save in mitigation of damages, and the court so instructed, and there was neither allegation nor proof of such election but proof to the contrary, and the court therefore rightfully assumed and instructed that none had been made. As said in *Gorrell v. Battelle,* 93 Kan. 370, 372, 144 Pac. 244, the defendant always knows whether or not he has elected, and if he denies liability in good faith on that ground he will ask the court to investigate that issue first to save further trouble and expense. Plaintiff's counsel in their brief offer to submit to a new trial if the records in the secretary of state's office show an election.

It is urged that the court erred in refusing evidence

offered by the defendant touching contributory negligence and assumption of risk, but the record fails to show the rejection of any evidence of this kind and none was produced on the hearing of the motion for a new trial, and hence we are afforded no means of knowing what such evidence, if any, was.

The remaining complaint is that the verdict is excessive. The record discloses, however, that after the plaintiff had his arm treated and returned to work the swelling and pain resulted in having an X-ray examination, which was followed by three operations, after which he had no control over the arm though able to do certain kinds of work. A surgeon testified that he took the X-ray picture and found evidence of a fracture of the radius; that he operated and brought the fractured ends of the bone together and united them with a plate; that he again operated and removed a piece of necrosed bone, and examining the arm at the trial, fourteen months after the injury, he testified that there was no union of the bone. The plaintiff testified that he was forty-three years of age and before the injury was making from $1.12 to $5.32 a day, and that after the injury it took him about three weeks to do five days' work.

This evidence fully justified the jury in returning a verdict for $2999.99, and such sum does not indicate passion or prejudice.

The judgment is affirmed.