ELI NADEAU *vs.* CARIBOU WATER, LIGHT & POWER COMPANY.

Aroostook.   Opinion November 20, 1919.

*Action at common law by servant for negligence of master.   Defenses open to master or employer.   Workmen's Compensation Act.   Defenses under common law actions qualified or limited by Workmen's Compensation Act.   How Workmen's Compensation Act effects employer of five or less workmen.   Rule where the employer has more than five workmen regularly employed.   Limitations of servant's right of action where a master is an assenting employer.' Rule where master is not an assenting employer.   General rule as to allegations necessary in declaration where plaintiff claims that defendant employer is not entitled to his common law defenses.*

Action on the case for negligence brought by an employee against his employer.   The action is in common law form alleging the plaintiff's due care.   The defendant requested the presiding Justice to rule in substance that the burden was on

the plaintiff to prove his own due care or, in conformity to the Workman's Compensation Act, to allege and prove that he was one of more than five workmen employed by the same employer regularly in the same business. The presiding Justice refused to give the instruction asked and charged the jury that "in this case it is not a defense that the employee was negligent."

In the course of the trial the plaintiff twice offered evidence to prove the number of workmen employed by the defendant corporation. This evidence was on the defendant's objection excluded upon the ground stated by the presiding Justice and acquiesced in by the defendant's counsel that the burden was on the defendant to prove that it had five or less employees and thus to show that the plaintiff's due care was material. The verdict was for the plaintiff in the sum of $2412.50.

The case was brought to the Law Court on motion and exceptions.

*Held:*

That the verdict is not against the evidence and not so clearly excessive as to justify a new trial. The motion must therefore be overruled.

That inasmuch as the declaration does not set forth the number of workmen and does contain an allegation of the plaintiff's due care the burden was on the plaintiff to support such allegation by proof; and

That the instruction requested by the defendant's counsel and refused was in substance correct, but

*Held further:*

That it is not clearly shown that the error was prejudicial; and

That even if prejudicial a new trial should not be granted.

The defendant's counsel complained of a lack of evidence which at the trial would have been supplied but for his objection. He asked a ruling that testimony which was excluded at his instance was material and necessary to the plaintiff's case. Upon one theory he secured the exclusion of testimony offered by the plaintiff. Then upon the opposite theory he asked the court to rule in substance that the want of such testimony was fatal to the plaintiff's case. It is a case of an error invited and procured by the defendant and which, as held by numerous authorities, cannot be made the ground for setting aside a verdict for the plaintiff.

Action on the case to recover damages for injuries sustained by plaintiff through the alleged negligence of defendant company. Defendant company filed plea of general issue. Verdict for plaintiff in the sum of $2412.50. Defendant filed motion for new trial also exceptions to certain rulings of presiding Justice. Motion overruled. Exceptions overruled.

HANSON, J., DUNN, J., WILSON, J., Concur.

SPEAR, J., concurs in the result.

MORRILL, J., concurs in the result in an opinion holding that there was no error in the ruling and refusal to rule of the presiding Justice.

CORNISH, C. J., concurs in the latter opinion.

*W. P. Hamilton, Shaw & Thornton,* for plaintiff.

*Cyrus F. Small, Powers & Guild,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J. The plaintiff, an employee of the defendant, brought an action for personal injuries alleged to have been caused by the defendant's negligence. The declaration was in common law form, setting forth the plaintiff's due care. The defendant seasonably requested the presiding Justice to give the following instructions to the jury:

"I. The burden of proof is on the Plaintiff to show that he was himself free from contributory negligence and he cannot recover in this action unless he was free from the contributory negligence.

II. If the Plaintiff would preclude the Defendant from making the defense of contributory negligence, he must show that the Defendant had more than five workmen or operatives employed in the same business in which the Plaintiff was employed at the time of the injury."

The instructions the presiding Justice refused to give, either in form or in substance and charged that "In this case it is not a defense that the employee was negligent.".

A verdict was rendered for the plaintiff in the sum of $2412.50 and the case comes here on exceptions to this ruling and refusal to rule and also on a motion for a new trial.

MOTION:

The defendant undertook to thaw, by electric process, certain frozen water pipes for Jerry Smith, of Caribou. The plaintiff, an employee of the defendant, was directed to do this work. The thawing machine was set up about five hundred feet from the main power line in the street. The plaintiff was directed to string the necessary transmission wires on temporary posts four or five feet high which had been previously set in the ground. After the plaintiff had strung the wires and started the thawing machine he discovered that one of

the posts carrying the wires was leaning and in danger of falling so that the wire would come in contact with the ground, a situation that he had been instructed to avoid. He restored the post to its former upright position and turned to find something to use to make it more secure. The post again fell. The wire carried upon it came in contact with the plaintiff's hand and caused the injury sued for.

The plaintiff was not an electrician but had had some experience in the kind of work he was engaged in doing at the time of the accident. He charges in his writ that the defendant was negligent in not properly instructing him as to the work and warning him of its perils and also and chiefly that the defendant was negligent in that the posts were "carelessly, negligently and unsecurely set up and established on the ground so that the same were not suitable for the carrying of electric wires charged with electric current."

The jury found upon full and appropriate instructions that the defendant was negligent and that its negligence was the proximate cause of the accident. This finding was abundantly justified by the evidence.

The jury did not determine that the plaintiff was in the exercise of due care. Nor did they find the contrary. This question was not submitted to them. The presiding Justice ruled that contributory negligence was not a defense to this action. Under the head of "Exceptions" we consider this ruling as to its correctness and as to whether if erroneous the exceptions to it should be sustained.

The defendant contends that the verdict is excessive. The plaintiff received a severe electric shock. His hand was cruelly burned. He was totally disabled about four months. One of his fingers had to be amputated. Another is stiff and useless and peculiarly sensitive so that he has to wear a mitten or glove when the weather is at all cold. His earning capacity is in a considerable degree impaired. He gained some part of his livelihood by playing the violin. This source of income is lost.

If the facts had been submitted to the court it might have awarded a smaller sum. But should the verdict for this reason be set aside?

The expenses incurred by the plaintiff can be determined with precision. His loss of earning capacity to the time of trial may be computed with approximate exactness. But his loss in future earnings cannot be made certain. Compensation for pain and suffering must be based on an exercise of judgment the correctness of which cannot be tested by any known process of analysis.

As to the remuneration which will make this plaintiff whole the judgment of one man or one jury or one court may differ very widely from that of another and no human intelligence can decide which is right. The law submits this question and other questions of fact to the judgment of a jury. The jury's judgment honestly and understandingly exercised is conclusive. The court's judgment cannot be substituted for that of the jury. When satisfied that the jury did not understand the case or the evidence or made inadvertent errors in computation, or otherwise, or based its verdict on prejudice or sympathy rather than on reason or judgment it is the duty of the court to order a new trial. In this case the verdict though large is not so grossly excessive as to warrant the conclusion that it represents anything but the deliberate and honest judgment of the jury.

EXCEPTIONS:

Before the happening of the accident resulting in the plaintiff's injuries The Workman's Compensation Law had been enacted. This was embodied in R. S., Chap. 50, as Secs. 1 to 48. Since the accident occurred it has been reenacted with modifications as Chap. 238 of the Public Laws of 1919. The ruling and refusal were in accordance with the Justice's construction of certain of the provisions of The Workman's Compensation Act. The main purpose of this Act is the creation of a new and wider remedy for victims of industrial accidents and a new tribunal for the administration of such remedy. It is involved in this case only in respect to its influence upon common law actions. The statute is new and makes under certain conditions radical changes in legal theory and practice. For this reason the court deems it proper that this opinion take a somewhat wider range than a determination of the precise point involved would require.

The Act provides that masters by the adoption of defined procedure may become "assenting employers." It makes assenting employers, so long as their status as such continues, immune to actions in the courts by employees injured in their employment. In actions by employees it deprives large non-assenting employers of certain common law defenses.

*Remedy of Employees against Assenting Employers.*

Subject to one exception, hereinafter noted, assenting employers, irrespective of the number of workmen employed, are exempt from actions at law by employees injured in their service. The remedy

by petition to the Industrial Accident Commission, a new remedy created by the act, is exclsuive. R. S., Chap. 50, Sec. 5.

The exemption is created by the following language:

"In the case of personal injury sustained by an employee in the course of his employment or of death resulting from personal injury so sustained, assenting employers shall be exempt from suits either at common law or under section nine of chapter ninety-two or under sections forty-nine to fifty-six, both inclusive, of this chapter."

To avail himself of his exemption an assenting employer must plead and prove it. *Solvuca* v. *Ryan & Reilly Co.*, 129 Md., 235, 98 Atl., 675; *Spotsville* v. *Western States Portland Cement Company*, 94 Kan., 258, 146 Pac., 356.

But an employee may elect to claim his common law rights, giving due and seasonable notice of such election. R. S., Chap. 50, Sec. 7.

The remedy of such an employee is by common law action simply.

*Remedy of Servants who are not Employees within the meaning of the Statute.*

The immunity of assenting employers as guaranteed by the statute is only from actions by "employees". R. S., Chap. 50, Sec. 5. There are several classes of servants who are not employees within the purview of the Act. These classes are: (a) Farm laborers. (b) Domestic servants. (c) Masters of and seamen on vessels engaged in interstate or foreign commerce. (d) Casual employees. (e) Officials of the State and municipal or quasi-municipal corporations (with certain modifications and exceptions). R. S., Chap. 50, Sec. 1, paragraph 2.

These excepted classes are not employees within the meaning of the Act. Their remedy is by common law action, except as the common law has been modified by statutes other than The Workman's Compensation Act. Whether an employer of these excepted classes who has become an assenting employer may in a proceeding before the Industrial Accident Commission disclaim the status thus assumed, we do not now determine.

*Remedy of Employees against Non-assenting Employers.*

The Act in effect divides non-assenting employers into two classes, to wit: Those who employ five or less workmen or operatives regularly in the same business and who may be called small employers and those who employ more than five workmen or operatives regularly in the same business and who may be called large employers. R. S., Chap. 50, Secs. 2 and 3.

In any case, regardless of the number of workmen employed, the employee injured by the negligence of a non-assenting employer may bring and maintain his common law action alleging due care on his own part. He need not allege the employer to be non-assenting. As above stated, an assenting employer who desires to avail himself of his exemption must plead and prove that he is entitled to such exemption.

But in cases where the suit is against a large employer the injured employee may omit the allegation of due care on his own part, R. S., Chap. 50, Secs. 2 and 3. In such case, however, the declaration must show that the defendant belongs to the class of employers to which Section 2 applies, to wit, large employers. The plaintiff should allege and prove that he is an employee of the defendant in a specified occupation and that the defendant employs more than five workmen or operatives regularly in the same business in which the plaintiff is employed.

"It follows we think that the defense of assumed risk is not available to employers who have in their employment more than five employees. This being true, the plaintiffs, if they desired to bring their case in the class of cases in which such defense is denied should have alleged the necessary facts." *Hodges* v. *Swastika Oil Co.*, (Texas) 185 S. W., 369; See also *Hight* v. *Quinn*, 86 Maine, 493.

In a proceeding before the Industrial Accident Commission against an assenting employer evidence of negligence is irrelevant. But negligence is the basis of all actions in the courts for injuries suffered by employees. The plaintiff must allege and prove that his injury was in whole or in part caused by the negligence of his employer or of some person (in the case of large employers including fellow servants) for whose care the employer is responsible. The plaintiff must also allege and prove either that he was himself in the exercise of due care or that the defendant belongs to a class of employers in actions against whom the plaintiff's care is not material. It is obviously not inconsistent to join both allegations in separate counts in one declaration.

It is urged that as the defendant has the burden of proving that he is an assenting employer under Section 5 he should also and for the same reason have the burden of proving that he is a small employer so that Section 2 does not apply to him. The two cases are entirely different. Section 5 absolves the employer from the common law

consequences of his negligence. Sections 2 and 3 absolve the employee of the large employer from the consequences of his contributory negligence. The employer and employee should each be required to use the shield which the law provides for him.

In the pending case the declaration sets forth common law liability and nothing more. It neither originally nor by amendment gave the defendant notice that Section 2 of the Workman's Compensation Act would be relied upon as applicable to the case. Under the pleadings the burden was upon the plaintiff to prove due care. The instructions prayed for by the defendant's counsel were substantially accurate. The presiding Justice construing a new statute in the stress of trial gave it a different construction than that which the full court holds to be correct.

It does not follow that the exceptions should be sustained. If the ruling or refusal to rule complained of were erroneous and prejudicial and if the party excepting is not barred by his own acts or omissions from taking advantage of the error the exceptions should be sustained.

The jury have in effect found under appropriate instruction that the defendant was negligent and that its negligence was the proximate cause of the accident and have determined the damages suffered. This finding was justified. The error related to the plaintiff's negligence only. It is not clear that the excepting party has shown that the ruling objected to was prejudicial.

But for another reason the exceptions cannot be sustained:

The case was tried upon the theory that the defendant had the burden of proving the non-applicability of Section 2. Evidence twice offered by the plaintiff to show the number of the defendant's employees was excluded on the defendant's objection. The ground of the objection, as stated by the court in a ruling acquiesced in by the defendant, was that the burden is on the defendant to prove that he is a small employer.

The defendant's counsel complains of a lack of evidence which at the trial would have been supplied but for his objection. He asked a ruling that testimony which was excluded at his instance was material and necessary to the plaintiff's case. Upon one theory he secured the exclusion of testimony offered by the plaintiff. Then upon the opposite theory he asked the court to rule in substance that the want of such testimony was fatal to the plaintiff's case.

"It is a clear case of an error to which appellant (defendant) at least contributed if he (it) did not procure and of which, therefore, he (it) is not now entitled to complain."  *Pantall v. R. & P. Coal & Iron Co.*, 204 Pa., 158, 53 Atl., 751; See also to same effect: *Dugan v. Railway Co.*, 193 Mass., 431; *Way v. Greer*, 196 Mass., 237; *Smith v. Ford*, 82 Conn., 653, 74 Atl., 910; *Howey v. N. E. Navigation Co.*, 83 Conn., 278, 76 Atl., 469; *Citizens Gas Co. v. Whitney*, 232 Pa., 592, 81 Atl., 804; *Boatmen's Bank v. Fritzlen*, 221 Fed., 145.

> *Motion overruled.*
> *Exceptions overruled.*

MORRILL, J.  I concur in overruling the motion for a new trial. The verdict was fully justified by the evidence as disclosed by the entire record; and no evidence offered in defense was excluded.

I also concur in overruling the exceptions, but not for the reasons stated in the opinion.

As the case was presented upon the pleadings, I think that the rulings of the presiding Justice were correct.  The declaration sets forth a cause of action at common law and contains all the allegations necessary to sustain such action.  The defendant pleaded the general issue without a brief statement.  The record shows that the evidence which the defendant contended by his second requested instruction, and now contends, should have been offered by the plaintiff, was twice offered by the plaintiff (pages 26 and 73 of the record), and was excluded upon objections by defendant's counsel.  The application of the "The Workmens' Compensation Act," as enacted in this State, to this action, was thus twice distinctly raised by the interrogatories of plaintiff's counsel, the objections of defendant's counsel, and the rulings of the presiding Justice.

That Act did not create any new cause or form of action; it did not give an injured employee a new remedy in the courts of the State; but it did give a new and wider remedy for securing compensation for industrial injuries; by a procedure in which negligence has no place

and which is designed to charge compensation for injuries received by employees in industry upon the industry itself. That procedure is entirely outside the common law courts, and is only reviewable in equity to a limited extent. R. S., Chap. 50, Sec. 34.

Nor did the Act abolish any existing forms of action. An existing common law right of action is not to be deemed abolished except by express enactment or necessary implication, *C. & O. Canal Corp.* v. *Hitchings*, 59 Maine, 206; *King* v. *Viscoloid Co.*, 219 Mass., 420. If the plaintiff so elects, an action to recover damages for injuries received in the course of employment may still be brought at common law, or under the provisions of R. S., Chap. 92, Sec. 9, or under "The Employer's Liability Law," R. S., Chap. 50, Secs. 49-57; but whether an employee, or the representative of a deceased employee, electing to bring such action, can recover therein depends upon other considerations.

Sec. 2 of Chap. 50 provides: "In an action to recover damages for personal injuries sustained by an employee in the course of his employment, or for death, resulting from personal injury so sustained, it shall not be a defense (a) that the employee was negligent; (b) that the injury was caused by the negligence of a fellow servant; (c) that the employee had assumed the risk of the injury."

This section is complete in itself and general in its terms; applies to all actions to recover damages for personal injuries sustained by an employee in the course of his employment, or for death, resulting from personal injury so sustained; it absolutely denies to a defendant three important grounds of defense, and to that extent imposes a burden upon the employer, with the manifest object of inducing that employer to become an assenting employer under Section 6, and thus under the provision of Section 5, obtain exemption from suits at law.

But the employer may not be subject to the burden so imposed; (a) the plaintiff may not be an employee within the terms of the act; (b) the defendant may be an assenting employer, within the terms of the act, in which case the majority opinion holds, and I think correctly, that he must plead and prove the necessary facts to gain immunity from the action at law; and I apprehend that he must also plead and prove that he is an assenting employer in order to avail himself of the defenses stated in Section 2, in an action at law by an employee who has given notice under Section 7, claiming his right of action at law; (c) he may be a "small employer" (as denominated

in the opinion) under Section 3. Upon this section the defendant apparently relies; in that case I think that it was incumbent on him to plead and prove that he employed five or less workmen or operatives regularly in the same business, if he would avail himself of any defense specified in Section 2. The facts as to the number of employees are always within the knowledge of the employer.

If the declaration shows that the plaintiff's occupation at the time of the injury was an occupation within the terms of the Act, and the defendant pleads neither that he is an assenting employer under Sections five and six, nor a "small employer" under Section 3, he must be held by the express terms of Section 2, to be precluded from the defenses therein specified.

I do not find any language in the Act, which expressly or by necessssary implication puts upon an injured employee, or the representative of a deceased injured employee, the burden of alleging and proving that the number of employees in the employer's service exceeds five in order that the defendant may be precluded from the defenses named in Section 2. I think that such was not the intention of the Act; that intention was not to impose new burdens upon the injured employee, but to give him a wider remedy. "It was undoubtedly the intention of the Legislature by that statute to take away from employees who should become subject to its provisions all other remedies that they had against their employers for injuries happening in the course of their employment and arising therefrom, and to substitute for such remedies the wider right of compensation given by the Act. But we find in the Act nothing which goes further than this for the protection of the employer." *King* v. *Viscoloid Co.*, supra. Nor do I find anything further in the Maine Act, except the provision in Section 7 as to any right of action by others than the minor for injuries to a minor "working at an age illegally permitted" under the laws of the State. The excepting language in Section 5 is the same as in Section 3—"The provisions of section two shall not apply"— and the same language is used in Section 4 of the new act. Public Laws, 1919, Chap. 238. In my view the same rules of pleading and evidence should apply under Section 3 as under Section 5.

As I read it, the act (Section 3) does not divide non-assenting employers alone into two classes; it does divide all employers into two classes, denominated in the opinion "small employers" and "large employers"; to the former, Section 2 does not apply; they

need not become assenting employers to avail themselves of the defenses there specified; the latter must become assenting employers if they would have the benefits of Section 5. A Texas case is cited; but the right of action against non-subscribing employers is expressly given by the Texas statute and the provisions restricting defenses are by the same section expressly made applicable thereto; the court might well hold that the plaintiff bringing an action under that section and desiring the benefit of those restrictions, should allege the necessary facts to bring himself within the statute. In this State the rights of action of an injured employee, or of the representatives of a deceased injured employee, existed before the statute and are not abolished by it; the defenses thereto are restricted. In my opinion the distinction is material and the Texas case is not applicable here; if in fact it is not opposed in principle to the cases from Maryland and Kansas, cited in the opinion.

In the instant case the declaration shows that the plaintiff's occupation at the time of the injury was an occupation within the terms of the Act. The case is entirely barren of any allegations or facts which render Section 2 inapplicable. Therefore the only issue was the negligence of the defendant. *Dooley* v. *Sullivan*, 218 Mass., 597; *Pope* v. *Heywood Bros. & Wakefield Co.*, 221 Mass., 143.